319 So.2d 1 (1975)
In the matter of the FLORIDA BAR, Petitioner.
No. 46801.
Supreme Court of Florida.
October 3, 1975.
Rehearing Denied October 7, 1975.
James A. Urban, President, Orlando, J. Rex Farrior, Jr., President-elect, Tampa, Marshall R. Cassedy, Executive Director; Norman A. Faulkner, Staff Counsel; Wilson J. Foster, Jr., Asst. Staff Counsel, Earl B. Hadlow, Jacksonville, and William H. Shields, Fort Myers, for The Florida Bar, petitioner.
E.N. Stephens, Jr., Pensacola, Julian R. Benjamin of Cassel & Benjamin, Miami, Bill Wagner, and William T. Moore, South Miami, for amicus curiae.
Per Curiam
We have for consideration the Petition of The Florida Bar for the amendment of the Integration Rule by adding thereto Article XXI  Florida Designation Plan  authorizing members of The Florida Bar to inform the public concerning the areas of law practice in which such members have substantial experience or education. Their Petition also requests certain revisions of the Code of Professional Responsibility to be amended so as not to conflict with the plan, after which The Florida Bar would amend its bylaws to set forth the plan.
After due notice, the Court has heard argument on the Petition in which the Bar presented its proposed plan as indicated in their recommended changes of the bylaws and several members of The Florida Bar appearing pursuant to notice have presented argument in opposition to the plan. Having heard such argument and having reviewed the record, it is the opinion of the Court that the Petition should be granted after certain revisions as will hereinafter appear.
Accordingly, the Integration Rule of The Florida Bar is amended by adding thereto the following:

INTEGRATION RULE OF THE FLORIDA BAR

ARTICLE XXI

FLORIDA DESIGNATION PLAN
1. The Board of Governors of The Florida Bar may establish a plan allowing members of The Florida Bar to inform the public concerning areas of law practice in which such members have substantial experience or education, such plan and any future amendments thereto to become effective when approved by the Court.
2. The Board of Governors may enact such bylaws as it deems necessary and proper to establish and regulate such a plan, to become effective when approved by the Court.
3. The Board of Governors may require those who wish to participate in such a plan to pay a reasonable fee to The Florida Bar to be approved by the Court at periodic intervals. The funds derived from such fees shall be deposited in a segregated *2 account of The Florida Bar to be used exclusively for purposes related to the plan.
The Code of Professional Responsibility is revised to provide:
EC 2-14 In some instances a lawyer confines his practice to a particular field of law. In the absence of state controls to insure the existence of special competence Except as permitted in DR 2-105, a lawyer should not be permitted to hold himself out as a specialist or as having special training or ability, other than in the historically excepted fields of admiralty, trademark, and patent law.

DR 2-101 Publicity in General.
(a) A lawyer should not prepare, cause to be prepared, use, or participate in the use of, any form of public communication that contains professionally self-laudatory statements calculated to attract lay clients, as. As used herein,: (1) "public communication" includes, but is not limited to, communication by means of television, radio, motion picture, newspaper, magazine, or book. (2) "self-laudatory statements" shall not include statements made pursuant to DR 2-105.
(b) A lawyer shall not publicize himself, his partner, or associate as a lawyer through newspaper or magazine advertisements, radio or television announcements, display advertisements in city or telephone directories, or other means of commercial publicity, nor shall he authorize or permit others to do so in his behalf except as permitted under DR 2-103. and DR 2-105. This does not prohibit limited and dignified identification of a lawyer as a lawyer as well as by name:
(1) In political advertisements when his professional status is germane to the political campaign or to a political issue.
(2) In public notices when the name and profession of a lawyer are required or authorized by law or are reasonably pertinent for a purpose other than the attraction of potential clients.
(3) In routine reports and announcements of a bona fide business, civic, professional, or political organization in which he serves as a director or officer.
(4) In and on legal documents prepared by him.
(5) In and on legal textbooks, treatises, and other legal publications, and in dignified advertisements thereof.
(C) A lawyer shall not compensate or give any thing of value to representatives of the press, radio, television, or other communication medium in anticipation of or in return for professional publicity in a news item.

DR 2-102 Professional Notices, Letterheads, Offices and Law Lists.
(A) A lawyer or law firm shall not use professional cards, professional announcement cards, office signs, letterheads, telephone directory listings, law lists, legal directory listings, or similar professional notices or devices, except that the following may be used if they are in dignified form:
(1) A professional card of a lawyer identifying him by name and as a lawyer, and giving his addresses, telephone numbers, the name of his law firm, and any information permitted under DR 2-105. A professional card of a law firm may also give the names of members and associates. Such cards may be used for identification but may not be published in periodicals, magazines, newspapers, or other media.
(2) A brief professional announcement card stating new or changed associations or addresses, change of firm name, or similar matters pertaining to the professional office of a lawyer or law firm, which may be mailed to lawyers and other persons with whom he has already established such personal relations as would reasonably justify the belief that he enjoys the friendship and confidence of such person to such extent that the person receiving the announcement will consider it news of genuine interest and value. It shall not state biographical data except to the extent reasonably necessary to identify the lawyer or to explain the change in his association, but it may state the immediate past position of the lawyer. It may give the names and dates of predecessor firms in a continuing line of succession. It shall not *3 state the nature of the practice except as permitted under DR 2-105.
(3) A sign on or near the door of the office and in the building directory identifying the law office. The sign shall not state the nature of the practice, except as permitted under DR 2-105.
(4) A letterhead of a lawyer identifying him by name and as a lawyer, and giving his addresses, telephone numbers, the name of his law firm, associates and any information permitted under DR 2-105. A letterhead of a law firm may also give the names of members and associates, and names and dates relating to deceased and retired members. A lawyer may be designated "Of Counsel" on a letterhead if he has a continuing relationship with a lawyer or law firm, other than as a partner or associate. A lawyer or law firm may be designated as "General Counsel" or by similar professional reference on stationery of a client if he or the firm devotes a substantial amount of his or its professional time in the representation of that client. The letterhead of a law firm may give the names and dates of predecessor firms in a continuing line of succession.
(5) A listing of the office of a lawyer or law firm in the alphabetical and classified sections of the telephone directory or directories for the geographical area or areas in which the lawyer resides or maintains offices or in which a significant part of his clientele resides and in the city directory of the city in which his or the firm's office is located; but the listing may give only the name of the lawyer or law firm, the fact he is a lawyer, addresses, and telephone numbers, and other information permitted by DR 2-105. The listing shall not be in distinctive form or type. A law firm may have a listing in the firm name separate from that of its members and associates. The listing in the classified section shall not be under a heading or classification other than "Attorneys" or "Lawyers," except that additional headings or classifications descriptive of the types of practice referred to in DR 2-105 are permitted.
(6) A listing in a reputable law list or legal directory giving brief biographical and other informative data. A law list or directory is not reputable if its management or contents are likely to be misleading or injurious to the public or to the profession. A law list is conclusively established to be reputable if it is certified by the American Bar Association as being in compliance with its rules and standards. The published data may include only the following: name, including name or law firm and names of professional associates; addresses and telephone numbers; one or more fields of law in which the lawyer or law firm concentrates; a statement that practice is limited to one or more fields of law; a statement that the lawyer or law firm specializes in a particular field of law or law practice but only if as authorized under DR 2-105(A)(4); date and place of birth; date and place of admission to the bar of state and federal courts; schools attended, with dates of graduation, degrees, and other scholastic distinctions; public or quasi-public offices; military service; posts of honor; legal authorships; legal teaching positions; memberships, offices, committee assignments, and section memberships in bar associations; memberships and offices in legal fraternities and legal societies; technical and professional associations and societies; foreign language ability; names and addresses of references; and, with their consent, names of clients regularly represented.
(B) A lawyer in private practice shall not practice under a trade name, a name that is misleading as to the identity of the lawyer or lawyers practicing under such name, or a firm name containing names other than those of one or more of the lawyers in the firm, except that the name of a professional corporation or professional association may contain "P.C." or "P.A." or similar symbols indicating the nature of the organization, and if otherwise lawful a firm may use as, or continue to include in, its name the name or names of one or more deceased or retired members of the firm or of a predecessor firm in a continuing line of succession. A lawyer *4 who assumes a judicial, legislative, or public executive or administrative post or office shall not permit his name to remain in the name of a law firm or to be used in professional notices of the firm during any significant period in which he is not actively and regularly practicing law as a member of the firm, and during such period other members of the firm shall not use his name in the firm name or in professional notices of the firm.
(C) A lawyer shall not hold himself out as having a partnership with one or more other lawyers unless they are in fact partners.
(D) A partnership shall not be formed or continued between or among lawyers licensed in different jurisdictions unless all enumerations of the members and associates of the firm on its letterhead and in other permissible listings make clear the jurisdictional limitations on those members and associates of the firm not licensed to practice in all listed jurisdictions; however, the same firm name may be used in each jurisdiction.
(E) A lawyer who is engaged both in the practice of law and another profession or business shall not so indicate on his letterhead, office sign, or professional card, nor shall he identify himself as a lawyer in any publication in connection with his other profession or business.
(F) Nothing contained herein shall prohibit a lawyer from using or permitting the use of, in connection with his name, an earned degree or title derived therefrom indicating his training in the law.
(G) Lawyers and law firms participating in an approved credit plan may discreetly display in one location within their offices a statement in an approved format for designation of the use of the plan. If the practice of law is conducted from two or more distinctly separate addresses, one such designation may be maintained within the offices at each address. No other advertising or acknowledgment of an approved credit plan by any lawyer or law firm is permitted, except that specific inquiries from clients or prospective clients may be appropriately answered. Under no circumstances shall one plan be recommended in preference to another plan.

DR 2-105 Limitation of Practice.
(A) A lawyer shall not hold himself out publicly as a specialist or as limiting his practice, except as permitted under DR 2-102(A)(6) or as follows:
(1) A lawyer admitted to practice before the United States Patent Office may use the designation Patent Attorney, Patent Lawyer, Trademark Attorney, or Trademark Lawyer, or any combination of those terms, on his letterhead and office sign, and a lawyer actively engaged in the admiralty practice may use the designation Admiralty or Admiralty Lawyer on his letter-head and office sign. (1) A lawyer who complies with the Florida Designation Plan as set forth in Article XXI of the Integration Rule and Article XVII of the Bylaws of The Florida Bar, may, to the extent permitted therein, inform the public and other lawyers of designated areas of his legal practice.
(2) A lawyer may permit his name to be listed in lawyer referral service offices according to the fields of law in which he will accept referrals.
(3) A lawyer available to act as a consultant to or as an associate of other lawyers in a particular branch of law or legal service may distribute to other lawyers and publish in local legal journals a dignified announcement of such availability, but the announcement shall not contain a representation of special competence or experience., except as permitted under DR 2-105 (A)(1) above. The announcement shall not be distributed to lawyers more frequently than once in a calendar year, but it *5 may be published periodically in local legal journals.
(4) A lawyer who is certified as a specialist in a particular field of law or law practice by the authority having jurisdiction under state law over the subject of specialization by lawyers may hold himself out as such specialist but only in accordance with the rules prescribed by that authority.
The proposed bylaws as revised by this Court are approved and are as follows:

Article XVII

FLORIDA DESIGNATION PLAN
Section 1. DESIGNATION OF AREAS OF PRACTICE. In accordance with the terms of this Article, a member may publicly designate the areas in which he practices law. The certificate issued by this Court authorizing one to become a member of The Florida Bar carries with it the authorization to engage in the general practice of law and the right to so specify continues as long as such licensee is a member in good standing of The Florida Bar and such authorization is in addition to any designation. Provided, however, that any member of The Florida Bar, three years or more after being admitted, may become a registered general practitioner upon otherwise complying with the bylaws herein relating to designation, after which such registered general practice will be treated and counted as a designation.
Section 2. SCOPE AND FUTURE DEVELOPMENT. The provisions of this Article contain minimal standards designed to permit immediate designation of areas of practice. The Board of Governors of The Florida Bar intends to study and monitor the Plan and the operations thereunder to determine if modification and expansion is required in the interests of the public and the Bar. Standards of education and experience will be periodically reviewed and upgraded where necessary.
Section 3. AREAS OF PERMITTED DESIGNATION.
(a) A member in good standing of The Florida Bar may not designate an area of practice unless the area has been approved by the Board, provided, however, as stated in Section 1, admission to The Florida Bar authorizes the licensee to designate that he is a general practitioner in addition to any designated area of practice which may thereafter be selected and approved. The Board may approve a particular area of practice on its own motion or upon the request of any member if it finds that the area:
(1) Has not already been approved under a different description;
(2) Is a generally accepted area of practice;
(3) Is described in dignified and ethically appropriate terms.
(b) The areas of practice which have already been approved are listed on Schedule A. Schedule A may be amended as frequently as necessary to add or delete areas approved by the Board.
(c) If a member wishes to designate an area which has not been approved by the Board, he shall include in his application for permission a request that the area of practice be approved. The Board shall consider the request before it takes action on the member's application for permission.
Section 4. ELIGIBILITY FOR PERMISSION TO DESIGNATE AREAS OF PRACTICE.
(a) Except as provided in subsections (b) and (c) and Section 3(a), a member shall be eligible for permission to designate areas of practice only if he has been engaged in the practice of law for at least 3 years and if during the 3 years preceding his application for permission he has had substantial experience in each area of practice listed in the application.
*6 (b) If the Board finds that a member who has not engaged in the practice of law for 3 years has had specialized postgraduate education or concentrated specialized experience in a particular area of practice and that the experience is equal to or greater than the experience he would have gained in that area from 3 years of practice, the Board may waive the requirement of subsection (a) and permit him to designate that area.
(c) If the Board finds that a member has had at least three years specialized experience or postgraduate education in an area of practice and that the experience or education is not unreasonably remote but that due to extenuating circumstances the member has not had substantial experience in the area during the three years preceding his application, the Board may waive the requirements of subsection (a) and permit him to designate that area.
(d) A member shall not be eligible to designate more than three areas of practice at any one time in addition to the designation as a general practitioner.
Section 5. APPLICATION FOR DESIGNATION OF AREAS OF PRACTICE.
(a) A member who wishes to designate one or more areas of practice shall file with the Board an application for permission on a form to be specified by the Board. The application shall:
(1) List the area or areas the member wishes to designate;
(2) State facts sufficient to establish that the member is eligible to designate the areas listed;
(3) Contain a statement that to enhance his proficiency the member will continue his legal education in the areas he wishes to designate through private study or continuing legal education programs approved by the Board or by this Court and other appropriate means approved by the Court.
(b) When the application is filed, the member shall pay an application fee in an amount to be established by the Board not exceeding $30. The amount of the application fee shall not be affected by the number of areas designated.
Section 6. ACTION ON APPLICATIONS TO DESIGNATE AREAS OF PRACTICE. The Board shall promptly consider and act upon all applications for permission to designate areas of practice. If it finds that an applicant is eligible under Section 4 to designate one or more areas of practice, it shall issue a letter of permission authorizing the applicant to designate those areas. If it finds that an applicant is not eligible it shall notify the applicant of its finding and the reasons for it.
Section 7. MANNER OF DESIGNATION.
(a) A member having permission to designate areas of practice may do so by listing the areas on his letterhead, business cards, office door, in the yellow pages of the telephone directory, in approved law lists and by other means approved by the Board. Designations shall be made only by naming the permitted areas of practice. (For example, a permitted designation might be "John J. Jones, Admiralty and Trial Practice.") Descriptive words or phrases such as "areas of practice," "practice limited to," "specializing in" shall not be used except as authorized by the Board for publication in approved law lists.
(b) Members having permission to designate areas of practice may list their names and designated areas of practice in the yellow pages of telephone directories in one or both of two permissible listings: an alphabetical listing of all lawyers and listings of lawyers under area of practice headings. In the alphabetical listing there shall be included the lawyer's name, address and telephone number, and the designated areas of practice. In the categorical *7 listing the designated area of practice shall be listed alphabetically and a listing of attorneys thereunder shall state only the lawyer's name, address and telephone number.
(c) No law firm may designate an area of practice for the firm, but membership in a firm does not impair an individual member's eligibility to designate areas of practice in accordance with this Article. Except for the firm listing in the telephone directory, a law firm may show next to the name of any firm members their permitted areas of practice.
Section 8. EFFECT OF DESIGNATION RULE. Nothing in this Article precludes any member from practicing in any area of practice regardless of whether he has designated it or any other area under this Article.
Section 9. DURATION AND RENEWAL
(a) A member's right to designate one or more areas of practice shall continue for a term of three years from the date of the letter of permission issued under section 6 or subsection (d) of this section.
(b) A member shall be eligible to renew his right to designate areas of practice only if during the preceding three-year period he has devoted at least 30 hours to approved continuing legal education in each of the areas for which renewal is sought, provided, however, for good cause shown, The Florida Bar may waive all or any part of such requirement.
(c) A member who wishes to renew his right to designate areas of practice shall file an application for renewal with the Board at least 30 days before the permission expires. The application shall be on a form specified by the Board and shall state sufficient facts to establish that the member is eligible to renew. When the application is filed, the member shall pay a renewal fee in an amount to be established by the Board not exceeding $30. The amount of the renewal fee shall not be affected by the number of areas designated. The 30 day notice period may be waived by the Board for good cause shown.
(d) The Board shall promptly consider and act upon all applications for renewal in the same manner as provided in Section 6.
Section 10. CONTINUING LEGAL EDUCATION.
(a) Continuing legal education courses offered by The Florida Bar shall qualify as approved courses hereunder. The Board shall determine the number of hours credit to be given for each such course and the designated area entitled to credit for each course.
(b) On the application of any interested person, the Board shall make a determination of the qualification of, and credit to be allowed for, alternative courses or methods of legal education.
(c) From time to time the Board shall publish current lists of approved educational alternatives.
Section 11. PUBLIC NOTICE.
(a) The Florida Bar may cause a public notice to be promulgated where and when it deems necessary, including, for example, telephone directory yellow pages, in substantially the following form:
NOTICE
For the General Information of the Public
Attorneys who have practiced for three years or more and who, during the immediately preceding three years, have had substantial experience in a designated area of legal practice are permitted, if they so desire, to inform the public of not more than three areas of the law in which they practice, in addition to the right of any attorney to engage in the general practice of law.

*8 Such listing DOES NOT MEAN that such attorney has been certified by any person or group as an "expert" in any area of law, nor does it mean that such attorney is any more expert or competent than any other attorney.
ALL PERSONS ARE URGED TO MAKE THEIR OWN INDEPENDENT INVESTIGATION AND EVALUATION OF ANY ATTORNEY BEING CONSIDERED.
This notice published by The Florida Bar, Telephone A.C. 904/222-5286, Tallahassee, Florida 32304.
(b) The Florida Bar shall assume no liability to any persons whomsoever by reason of the adoption and implementation of the Plan.
Section 12. ADMINISTRATION.
(a) The Board may delegate to a committee or to the staff personnel of The Florida Bar any or all of its administrative responsibilities arising under this Article, but any member affected by an adverse decision from persons to whom such duties are delegated may appeal to the Board.
(b) Responsibilities which have been delegated to the staff of The Florida Bar are listed on Schedule B.
(c) The President of The Florida Bar, with the approval of the Board, shall appoint a standing committee to be known as the Designation Coordinating Committee, which shall be composed of 8 members, four of whom shall be appointed from the CLE Committee of The Florida Bar with the approval of its chairman, and the remaining four of whom shall be from the Specialization Committee of The Florida Bar with the approval of its chairman. The President shall name one such member as the chairman. The Designation Coordinating Committee shall cooperate with and answer inquiries from the staff personnel pertaining to the Plan and shall investigate and make recommendations to the Board concerning all questions relating to the Plan, including the following:
(1) Approved education courses,
(2) Alternative educational methods,
(3) Number of hours credit to be allowed for educational efforts,
(4) Educational standards for satisfactory completion of approved courses,
(5) Possible need for cooperation with colleges and universities,
(6) Additional areas of practice to be approved for designation,
(7) Possible modification or expansion of the Plan,
(8) Adoption of additional standards pertaining to the Plan,
(9) Amount of the application and renewal fees,
(10) General administration of the Plan.
(d) Application and renewal fees paid by members will be deposited in a segregated account of The Florida Bar and used exclusively for purposes related to operations under this Article.
(e) The Florida Bar shall maintain a list of all members who have filed applications for permission or applications for renewal, showing the date and disposition of each application acted upon.
(f) At least six months before the date on which a member's permission to designate areas of practice expires, The Florida Bar shall give the member notice by regular mail advising the member of the date on which permission expires, the required qualifications for renewal of eligibility, and the procedure for renewal.
Section 13. RIGHT OF REVIEW. Any member adversely affected by an administrative ruling concerning this plan may petition the Board of Governors for relief. Any denial of relief by the Board can be reviewed by the Court on the member's petition *9 within 30 days of notice of the Board's action.

SCHEDULE A
Admiralty
Appellate Practice
Antitrust
Bankruptcy
Corporation and Business Law
Criminal Law
Estate Planning and Administration
Family Law
International Law
Environmental Law
Consumer Law
Labor Law
Patent, Trademark, and Copyright
Real Property Law Taxation
Trial Practice
Workmen's Compensation
Administrative and Governmental Law
Registered General Practice
Personal Injury and Wrongful Death

SCHEDULE B
1. Action under Section 6 on application for permission filed by individual members provided the applications do not involve requests for waivers under Subsections (b) and (c) of Section 4.
2. Action under Section 9(c) on applications for renewal filed by individual members.
3. Issuance of letters of permission under Section 6 and Subsection 9(c).
4. Timely issuance and publication of all notices required under this Article.
5. Maintenance of list of members required by Subsection (e) of Section 12.
6. Maintenance and publication of lists of educational courses approved by the Board.
It is so ordered.
ADKINS, C.J., ROBERTS, BOYD, OVERTON and ENGLAND, JJ., and MELVIN, Circuit Judge, concur.