PER CURIAM.
This matter is before us on petition of The Florida Bar to amend article XVII of the bylaws under the Integration Rule which relates to the Designation Plan of The Florida Bar. The Bar suggests that the right to designate general practice, without fulfilling certain designation requirements, be deleted; that a requirement that a member accumulate a specified minimum number of hours of continuing legal education before becoming eligible to designate be added; that a restriction on the accumulation of continuing legal education credit which counts towards renewal of one’s designation to no more than twenty hours in each area in one year be added; that a provision which would immunize The Florida Bar staff and Bar committee members from suit for any conduct in the course of their official duties in connection with the administration of this plan be added; and that the form of notice to the public be modified.
We approve the recommended revisions to the Designation Plan with one exception, i. e., the adoption of the provision relating to immunity of The Florida Bar staff and Bar committee members. We find such proposal to be unnecessary and inadvisable at this time.
ENGLAND, C. J., and ADKINS, BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
ARTICLE XVII
FLORIDA DESIGNATION PLAN
SECTION 1. DESIGNATION OF AREAS OF PRACTICE. In accordance with the terms of this Article, a member may publicly designate the areas in which he practices law. Tho certificate issued by this cour-t authorizing one-to-bccomo a-member of The Florida — Bar carries with it-the authorization to engage in tho general practice of law and the right to — so specify continues as long as such licensee-is a member in good standing of The Florida Bar and such authorization is -m-addition-to- any spe- *1304 oialty. — Provided, howovor, that any mom ber of — The Florida Bar, three years or more after being admitted, may become a registered gonoral practitioner upon otherwise complying with the bylaws herein relating to specialization, after which such registered-general practice will be treated as-a designation;

SECTION 3. AREAS OF PERMITTED DESIGNATIONS.
(a) A member in good standing of The Florida Bar may not designate an area of practice unless the area has been approved by the Board, provided, however, as stated in Section 1, admission to The Florida Bar authorizes the-licensee to designate that-ho is-a-genoral practitioner in addition to-any specialty which may thereafter be selected and approved. The Board may approve a particular area of practice on its own motion or upon the request of any member if it finds that the area:
(1) Has not already been approved under a different description;
(2) Is a generally accepted area of practice;
(3) Is described in dignified and ethically appropriate terms.
(b) The areas of practice which have already been approved are listed on Schedule A. Schedule A may be amended as frequently as necessary to add or delete areas approved by the Board.
(c) If a member wishes to designate an area which has not been approved by the Board, he shall include in his application for permission a request that the area of practice be approved. The Board shall consider the request before it takes action on the member’s application for permission.
SECTION 4. ELIGIBILITY FOR PERMISSION TO DESIGNATE AREAS OF PRACTICE.
(a)Except as provided in subsection (b), and (c) and Section 3(a), (d), a member shall in good standing of The Florida Bar may be eligible for permission to designate areas of practice only if at the time he files his application: (11 he has been engaged in the practice of law for at least three years and if during the three years preceding his application for permission he has had substantial experience in each area of practice listed in the application: and (2) he has accumulated at least the minimum amount of approved continuing legal education set out below in each area sought to be designated:
a. Ten hours if the application is filed on or before December 31. 1979,
b. Twenty hours if the application is filed on or after January 1. 1980. but not later than December 31. 1980.
c. Thirty hours if the application is filed on or after January 1. 1981.
(b) If the Board finds that a member who has not engaged in the practice of law in an area for three years preceding his application but has had specialized postgraduate education or concentrated speoial-ized experience in a particular area of practice and that the experience is equal to or greater than the experience he would have gained in that area from three years of practice, and he has accumulated the minimum amount of approved continuing legal education required under Section 4(a¥2). the Board may waive the requirement of subsection (a) Section 4(a¥ll and permit him to designate that area.
(c) If the Board finds that a member has had at least three years specialized substantial experience or postgraduate education in an /area of practice and that the experience or education is not unreasonably remote, but that due to extenuating circumstances the member has not had substantial experience in the area during the three years preceding his application, and the member has accumulated the minimum amount of approved continuing legal education required under Section 4ia)(2), the Board may waive the requirements of subsection.(a) Section 4(a)(1) and permit him to designate that area.
(d) A member applying for permission to designate General Practice who has not been a member in good standing of The Florida Bar for the three years preceding *1305 his application, but who has accumulated the minimum amount of approved continuing legal education required under Section 4(a)(2h may designate General Practice.
(4) {§) A member shall not be eligible to designate more than three areas of practice at any one time, in-addition to the designa ■ tion as a-general praetitioneft . •

SECTION 9. DURATION AND RENEWAL.

(b) A member shall be eligible to renew his right to designate an areas of practice only if during the preceding three-year period he has had substantial experience during the three years preceding the renewal application and he has devoted at least 30 hours, of which only a maximum of 20 hours may be accumulated for credit in any one of the preceding three years, to approved continuing legal education in each of the areas for which renewal is sought;. provided, however, fFor good cause shown, The Florida Bar the Board may waive all or any part of such requirement.

SECTION 10. CONTINUING LEGAL EDUCATION.
(a) Continuing legal education courses offered — by^-The—Flerida^-Bar which are designed to enhance the proficiency of a designated attorney in a particular area of practice shall qualify as approved courses hereunder. The Board shall determine the number of hours credit to be given for each such course and the designated area entitled to credit for each course.
SECTION 11. PUBLIC NOTICE.
(a) The Florida Bar may cause a public notice to be promulgated where and when it deems necessary, including, for example, telephone directory yellow pages, in substantially the following form:
NOTICE
For the General Information-of the Public
Attorneys who have practiced for three years or-more and who, during-4he immedi-

ately-preceding throe years, have had substantial experience in a designated area of legal practice are permitted,-if they-so desire, to inform the public of not more than three areas of the-law in which they prac tice,-in-addition to the right of any-attornoy to engage in the general practice of the law
Such-listing POES NOT MEAN that such attorney has been-certified-by any person or group as an “expert” in any area of — law, nor does it mean that such- attorney is any more expert or competent than any-ether attorney
FOR THE GENERAL INFORMATION OF THE PUBLIC
ATTORNEYS LISTING AREAS OF PRACTICE IN THE YELLOW PAGES HAVE NOT BEEN CERTIFIED BY THE FLORIDA BAR AS HAVING ANY MORE COMPETENCE IN THESE AREAS THAN ANY OTHER ATTORNEY.
ALL PERSONS ARE URGED TO MAKE THEIR OWN INDEPENDENT INVESTIGATION AND EVALUATION OF ANY ATTORNEY BEING CONSIDERED.
This notice published by The Florida Bar, Telephone A.C. 904/222-5286, Tallahassee, Florida 32304.

SCHEDULE A
(Amended and Alphabetized by Virtue of July 1978 Board of Governors Meeting.)
Securities Law
Administrative and Governmental Law
Admiralty
Antitrust and Trade Regulation Law
Appellate Practice
Antitrust
Aviation Law
Bankruptcy
Collections
Corporation and Business Law
Criminal Law
*1306 Environmental Law
Estate-Planning and Administration
Marital and Family Law
General Practice
Immigration and Naturalization
International Law
Environmental Law
Consumer Law
Labor Law
Marital and Family Law
Patent, Trademark and Copyright
Real Property Law
Securities
Taxation
Trial Praetiee
Trial Practice — General
Trial Practice — Commercial
Trial Practice — Personal Injury and Wrongful Death
Wills. Estates and Estate Planning
Workmen’s Compensation
Administrative and Governmental Law
Registered General Practice
Personal Injury and-Wrongful Death
Immigration and-Naturalization
SCHEDULE B
1. Action under Section 6 on applications for permission filed by individual members provided the applications do not involve requests for waivers under Ssubsec-tions (b) and or (c) of Section 4.

3. Issuance of letters of permission under Section 6 and SubSection 9(c).

5. Maintenance of list of members required by Subsection (e) of Section 12(e).