OVERTON, Justice.
This is a petition by Donald W. Stobs, Jr., a member of The Florida Bar, to review a decision of The Florida Bar Board of Governors denying him redesignation under the Florida Designation Plan as assertedly authorized by article XXI of the Integration Rule. The issue is whether the Board of Governors, without prior approval of this Court, has the authority under the plan to require attorneys to submit “certificates of reference” before they become eligible for redesignation. We have jurisdiction, article V, section 15, Florida Constitution. We answer the question in the negative.
In January, 1976, petitioner designated in the areas of (1) Corporation and Business Law; (2) Taxation; and (3) Wills, Estates, and Estate Planning in accordance with the designation plan approved by this Court. In June of 1979, petitioner submitted an application for redesignation, but refused to submit certificates of reference, as required by the bar. A certificate of reference is a letter of recommendation from another attorney designated in the area for which application is made that certifies that the applicant has substantial experience in the area. The Designation Coordinating Committee advised petitioner that he would not be redesignated without the certificate. Petitioner sought review of this decision *1359 and of the certificate requirement before both the Designation Plan Appeals Committee and The Florida Bar Board of Governors. Each denied his request to be excused from the certificate of reference requirement. In its opinion; the appeals committee stated:
The Board of Governors charged with the scope and future development of the Designation Plan has decided that in addition to the submission of a detailed list of seminars or other acceptable courses to justify the thirty hours of Continuing Legal Education requirements, that a Certificate of Reference is a necessary tool to fulfill substantiation of experience in each area.
The opinion further recognized that this Court had not approved the certificate of reference as a specific requirement of the designation plan.
The Board of Governors contends that it has administrative authority to require certificates of reference under Florida Bar Integration Rule, article XXI, and Florida Integration Rule Bylaws, article XVII, sections 4, 5(a), and 9(c), the relevant portions of which provide:
Section 4. ELIGIBILITY FOR PERMISSION TO DESIGNATE AREAS OF PRACTICE.
(a) ... a member in good standing of The Florida Bar may be eligible for permission to designate areas of practice if at the time he files his application: (1) he has been engaged in the practice of law for at least three years and during the three years preceding his application for permission he has had substantial experience in each area of practice listed in the application; and (2) he has accumulated at least the minimum amount of approved continuing legal education ... in each area sought to be designated: . . .
Section 5. APPLICATION FOR DESIGNATION OF AREAS OF PRACTICE, (a) A member who wishes to designate one or more areas of practice shall file with the Board an application for permission on a form to be specified by the Board....
Section 9. DURATION AND RENEWAL.
(c) A member who wishes to renew his right to designate areas of practice shall file an application for renewal with the Board at least 30 days before the permission expires. The application shall be on a form specified by the Board and shall state sufficient facts to establish that the member is eligible to renew....
Florida Bar Integration Rule, article XXI, originally adopted by this Court to approve designation, contained authorization for the bar to “establish a plan allowing members of The Florida Bar to inform the public concerning areas of law practice in which such members have substantial experience or education . . . . ” see In re The Florida Bar, 319 So.2d 1 (Fla.1975). In January, 1978, the Board adopted the following three redesignation requirements: that each applicant (1) submit a description of his experience over at least the previous three years in each area designated, (2) affirm that he reviewed the application and attachments and that all material representations about experience and education were true and correct, and (3) submit a certificate of reference for each area designated.
In March of 1979, this Court, in accordance with The Florida Bar’s request, amended section 9 of the bylaws concerning designation duration and renewal to read in part as follows: “(b) A member shall be eligible to renew his right to designate an area of practice only if during the preceding three-year period he has had substantial experience during the three years preceding the renewal application .... ” See In re Petition to Amend the Bylaws under the Integration Rule of The Florida Bar (Florida Designation Plan), 368 So.2d 1303 (Fla. 1979) (emphasis ours). The Board of Governors argues that the designation plan gives it authority to impose appropriate requirements, such as the certificate requirement, to ensure that the plan’s members have “substantial experience” in their respective specialty areas. We agree that the present integration rule and bylaws given the bar *1360 authority to administer the designation plan as approved by this Court. However, neither the original plan nor the amendments thereto made reference to a certificate of reference as a redesignation requisite. The plan was initially presented as a plan for lawyer self-designation with no peer review or examination but with only a mandatory continuing legal education requirement. The absence of the peer review and examination elements distinguished the plan from other types of specialization proposals. See, e. g., Specialization, 48 Fla.B.J. 153 (1974). We conclude that the certificate requirement is a limited type of peer review and is a major policy change from the originally approved designation plan.
Accordingly, we reject the certificate of reference requirement as part of the present plan. In doing so, we do not mean to reject reference certificates as a possible beneficial addition to the plan. The Board may permit the filing of certificates by those who elect to do so. It may not, however, mandate such filings without pri- or approval from this Court, formally sought so as to elicit full discussion of its ramifications and an opportunity for all interested parties to be heard.
The petition for review is granted. The bar is directed to process petitioner’s redes-ignation application without certificates of reference.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, ENGLAND, ALDERMAN and MCDONALD, JJ., concur.