PER CURIAM.
The Florida Bar petitions this Court, pursuant to rule 1-12.1, Rules Regulating The Florida Bar, to adopt extensive revisions to chapter 6, Designation and Certification, of the Rules Regulating The Florida Bar. These revisions continue the process begun in 1974 to simultaneously improve the competence of the Bar while identifying for the public and other members of the Bar those lawyers who have demonstrated special knowledge, skill, and proficiency in specific fields. The initial step in this process was the creation of the Florida Designation Plan in 1975 under which Bar members who met minimum standards of education and experience could designate areas of practice within the law. The plan declared an intent to periodically review and upgrade standards of education and experience. In re The Fla. Bar, 319 So.2d 1 (Fla.1975). This evolutionary process continued in 1979 when we recognized the potential value of a plan submitted by the Bar which would permit members of the Bar to become certified as having special competence in the areas of taxation and civil trial advocacy. This certification plan *1121 was intended to ensure minimum standards of competence, not merely education and experience as in the designation plan. We recognized at the time that the designation and certification plans could not exist together without causing substantial confusion to the public. The Fla. Bar Re Amendment to the Integration Rule (Certification Plan), No. 54,081 (Fla. Sept. 6, 1979). The certification plan was resubmitted to the Court on rehearing and, in 1981, we approved the plan in concept and remanded for further changes. The Fla. Bar Re Amendment to the Integration Rule (Certification Plan), 399 So.2d 1385 (Fla.1981), vacating, No. 54,081 (Fla. Sept. 6, 1979). We approved the certification plan upon resubmission. The Fla. Bar Re Amendment to Integration Rule (Certification Plan), 414 So.2d 490 (Fla.1982). Since that time the certification plan has been expanded to include standards for marital and family law, estate planning and probate, criminal law, real estate law, and workers’ compensation. In addition to the designation and certification plans, we have also approved continuing legal education requirements for all active members of the Bar. The Fla. Bar Re Amendments to Rules Regulating The Fla. Bar (Continuing Legal Education), 510 So.2d 585 (Fla.1987).
The proposed amendments are based on an extensive study by the Special Committee on Certification and Designation Promotion which published its summary report in November 1987. Following the release of this report, the Board of Governors of The Florida Bar has debated and examined the report. Official notice of this petition was published in the January 15, 1989, edition of The Florida Bar News and the petition has been approved by the Board of Governors.
The appended provisions of chapter 6, Designation and Certification, of the Rules Regulating The Florida Bar indicate deletions by the use of struck-through type; new language is indicated by underscoring. Noteworthy changes include the following:
(1) For those areas of law where the percentage of practice required for certification has been reduced to thirty percent, the corresponding areas have been deleted from the designation plan. Eventually, we anticipate that remaining areas of designation will be phased out as new areas of certification are added. This will reduce or eliminate the confusion in the public’s mind as to the meaning of, and distinction between, certification and designation.
(2) Language has been added providing specific authority to rely upon peer review and disciplinary and malpractice actions.
After due notice, and having heard argument and reviewed the record, we approve the petition. The amendments shall become effective on October 1, 1989, at 12:01 a.m. The filing of a petition for rehearing shall not alter the effective date.
It is so ordered.
EHRLICH, C.J., and OVERTON, MCDONALD, BARKETT and GRIMES, JJ., concur.
SHAW, J., dissents with an opinion, in which KOGAN, J., concurs.
APPENDIX
Chapter 6
DESIGNATION AND
CERTIFICATION LEGAL SPECIALIZATION AND EDUCATION PROGRAMS
6-1 Generally.
6-1.1 Composition of board. The board of certification, designation legal specialization and education shall be composed of thirteen (13) members of The Florida Bar appointed by the president of The Florida Bar, with the advice and consent of the board of governors. Twelve (12) of the members shall hold office for three (3) years and until their successors are appointed. These twelve (12) members shall be appointed to staggered terms of office, and the initial appointees shall serve as follows: four (4) members shall serve until June 30 next following their appointment, four (4) members shall serve until the second June 30 following their appointment, and four (4) members shall serve until the third June 30 following their appointment. *1122 One of the twelve (12) members shall be designated by the president as chairman. The thirteenth member shall be the chairman of the Continuing Legal Education Committee of The Florida Bar. Any vacancy shall be filled in the manner provided for original appointments.
6-1.2 Public notice. The Florida Bar may cause a public notice to be promulgated where and when it deems necessary, including, for example, telephone directory yellow pages, in substantially the following form:
NOTICE
FOR THE GENERAL INFORMATION OF THE PUBLIC
ATTORNEYS INDICATING THEY ARE “BOARD CERTIFIED” OR “SPECIALIST” HAVE BEEN IDENTIFIED CERTIFIED BY THE FLORIDA BAR AS HAVING SPECIAL KNOWLEDGE, SKILLS, AND PROFICIENCY IN THEIR AREAS OF PRACTICE. “FLORIDA BAR DESIGNATED” ATTORNEYS HAVE MET MINIMUM EXPERIENCE AND EDUCATIONAL REQUIREMENTS UNDER THE FLORIDA DESIGNATION PLAN. “FLORIDA BAR MEMBERS” MAY LIST THEIR AREAS OF PRACTICE IN THE YELLOW PAGES WITHOUT MEETING ANY SPECIFIC CRITERIA.
ALL PERSONS ARE URGED TO MAKE THEIR OWN INDEPENDENT INVESTIGATION AND EVALUATION OF ANY ATTORNEY BEING CONSIDERED.
This notice published by The Florida Bar, telephone ArC, 904/222-5286, Tallahassee, Florida 32301-8226 32399-2300.
6-1.3 Liability. The Florida Bar shall assume no liability to any persons whomsoever by reason of the adoption and implementation of the designation or certification plans.
6-1.4 Amendment. These rules may be amended in accordance with the procedures for amending the Rules Regulating The Florida Bar except as provided in rule 6-2.-3(b).
6.2 Florida Designation Plan.
6-2.1 Administration.
(a) The board of certification, designar ties legal specialization and education shall have the administrative responsibility arising under this chapter. Any member affected by an adverse decision of the board of certificationT-designatioa legal specialization and education may appeal to the board of governors pursuant to rule 6-2.11.
(b) Responsibilities which have been delegated to the staff of The Florida Bar are listed in Schedule B.
(c) The board of certification, designation legal specialization and education shall cooperate with and answer inquiries from the staff personnel pertaining to the plan and shall investigate and make recommendations to the board of governors concerning all questions relating to the plan, including the following:
(1) Approved education courses;
(2) Alternative education methods;
(3) Number of hours credit to be allowed for educational efforts;
(4) Educational standard for satisfactory completion of approved courses;
(5) Possible need for cooperation with colleges and universities;
(6) Additional areas of practice to be approved for designation;
(7) Possible modification or expansion of the plan;
(8) Adoption of additional standards pertaining to the plan;
(9) Amount of the application and renewal fees; and
(10) General administration of the plan.
(d) The Florida Bar shall maintain a list of all members who have filed applications for permission or applications for renewal, showing the date- and disposition of each application acted upon.
(e) At least six (6) four (4) months before the date on which a member’s permission to designate areas of practice expires, The Florida Bar shall give the member notice by regular mail advising the member of the date on which permission expires, the re *1123 quired qualifications for renewal of eligibility, and the procedure for renewal.
6-2.2 — Designation of areas of practice. A member may receive ■ permission from The Florida- -Bar-to-publicly designate the areas in-which he -practices-law-if-he has accumulated the experience and- educational requirements-set out in this plan.
6-2.3 2 Areas of permitted designation.
(a) A member in good standing of The Florida Bar may not designate an area of practice unless the area has been approved by the board of governors. The board of governors may approve a particular area of practice on its own motion or upon the request of any member if it finds that the area:
(1) Has not already been approved under a different description;
(2) Is a generally accepted area of practice; and
(3) Is described in dignified and ethically appropriate terms.
(b) The areas of practice which are approved are listed on Schedule A. Schedule A may be amended by the board of governors in accordance with procedures for amending chapter 2.
(c) If a member wishes to designate an area which has not been approved by the board of governors, he or she shall include in his or her application for permission a request that the area of practice be approved. The board of governors shall consider the request before it takes action on the member’s application for permission.
6-2X3 Eligibility for permission to designate areas of practice.
(a)Except as provided in paragraphs (b), (c), and (d), a member in good standing of The Florida Bar may be eligible for permission to designate areas of practice if at the time he or she files an application: (1) he or she has been engaged in the practice of law for at least three (3) years and during the three (3) years preceding the application for permission has had substantial experience in each area of practice listed in the application; and (2) he or she has accumulated at least thirty (30) hours of approved continuing legal education in each area sought to be designated.
(b) If the board of certification, designar ties legal specialization and education finds that a member who has not engaged in the practice of law in an area for three (3) years preceding the application but has had postgraduate education or concentrated experience in a particular area of practice and the experience is equal to or greater than the experience he or she would have gained in that area from three (3) years of practice, and he or she has accumulated the minimum amount of approved continuing legal education required under rule 6-2X 3(a)(2), the board of certification, designaties legal specialization and education may waive the requirement of rule 6-2X 3(a)(1) and permit him or her to designate that area.
(c) If the board of certification, designar ties legal specialization and education finds that a member has had at least three (3) years substantial experience or postgraduate education in an area of practice and the experience or education is not unreasonably remote, but that due to extenuating circumstances the member has not had substantial experience in the area during the three (3) years preceding his or her application and the member has accumulated the minimum amount of approved continuing legal education required under rule 6-2 X 3(a)(2), the board of certification, designar tie» legal specialization and education may waive the requirement of rule 6-2X 3(a)(1) and permit him or her to designate that area.
(d) A member applying for permission to designate “General Practice” who has not been a member in good standing of The Florida Bar for the three (3) years preceding the application but who has accumulated the minimum amount of approved continuing legal education required under rule 6-2X 3(a)(2) may designate “General Practice.”
(e) A member shall not be eligible to designate more than three (3) areas of practice at any one time.
*1124 6-2.5 4 Application for designation of areas of practice.
(a) A member who wishes to designate one or more areas of practice shall file with the board of certification, designation legal specialization and education an application for permission on a form to be specified by the board of certification,- designation legal specialization and education. The application shall:
(1) List the area or areas the member wishes to designate;
(2) State facts sufficient to establish that the member is eligible to designate the areas listed;
(3) Require the applicant to list the continuing legal education the member has accumulated during the previous three (3) years;
(4) Require the applicant to submit certificates of reference from other lawyers who can attest to the applicant’s substantial experience in each area sought to be designated; and
(5) Contain a statement that to enhance his or her proficiency the member will continue his or her legal education in the areas he or she wishes to designate through private study or continuing legal education programs approved by the court.
(b) When the application is filed, the member shall pay an application fee in an amount to be established by the board of governors not exceeding $50.00 per area sought to be designated.
6-2.6 5 Action on applications to designate areas of practice. The board of certification,-designation legal specialization and education shall promptly consider and act upon all applications for permission to designate areas of practice. If it finds that an applicant is eligible under rule 6-2.4-3 to designate one or more areas of practice, it shall issue a letter of permission authorizing the applicant to designate those areas. If it finds that an applicant is not-eligible, it shall notify the applicant of its finding and reasons for it.
6-2.? 6 Manner of designation.
(a) A member having permission to designate areas of practice may do so by listing the areas in the manner and locations permitted under the Rules of Professional Conduct. Designations shall be made by naming the permitted areas of practice. (For example, a permitted designation might be “John J. Jones, Admiralty and Trial Practice — General.”) Only The following description is permitted: “Qualified in_under the Florida Designation Plan.”
(b) No law firm may designate an area of practice for the firm, but membership in a firm does not impair an individual member’s eligibility to designate areas of practice in accordance with this chapter.
6-2.8 7 Effect of designation rule. Nothing in this chapter precludes any member from practicing in any area of -practice regardless of whether he or she has is designated it or any other area under this chapter.
6-2.8 8 Duration and renewal.
(a) A member’s right to designate one or more areas of practice shall continue for a term of three (3) years from the date of the letter of permission issued under rule 6-2.6 5 or paragraph (d) of this rule.
(b) A member shall be eligible to renew his or her right to designate an area of practice only if during the preceding three-year period he or she has had substantial experience during the- three -(3) years-preceding the-r-enewal application and he or she has devoted at least thirty (30) hours to approved continuing legal education in each area for which renewal is sought. For good cause shown, the board of certification,- designation legal specialization and education may waive all or any part of such requirement.
(c) A member who wishes to renew his or her right to designate areas of practice shall file an application for renewal with the board of certification, designation legal specialization and education at least thirty (30) days before the permission expires. The application shall be on a form specified by the board of certification- designation legal specialization and education and shall state sufficient facts to establish that the *1125 member is eligible to renew. When the application is filed, the member shall pay a renewal fee in an amount to be established by the board of governors not exceeding $50.00 per area sought to be designated. The thirty-day notice period may be waived by the board of certification, designation legal specialization and education for good cause shown.
(d) The board of certification, designar tíos legal specialization and education shall promptly consider and act upon all applications for renewal in the same manner as provided in rule 6-2.6 5.
6-2.10 9 Continuing legal education.
(a) Continuing legal education courses which are designed to enhance the proficiency of a designated attorney in a particular area of practice shall qualify as approved courses hereunder. The board of certification, designation legal specialization and education shall determine the number of hours credit to -be-g-iven for each such course and the designated areals) entitled to credit for each course. The board of governors may assess a fee to review and approve courses under this plan.
(b) On the application of any interested person, the board of certification, designa-tiea legal specialization and education shall make a determination of the qualification of, and credit to be allowed for, alternative courses or methods of legal education.
(c) From time to time the board of certification-) — designation legal specialization and education shall publish current lists of approved educational alternatives.
6-2.41 10 Right of review. Any member adversely affected by an administrative ruling concerning this plan may petition the board of governors for relief. Any denial or relief by the board of governors can be reviewed by the Court on the member’s petition within thirty (30) days of notice of the board of governors action.
Schedule A
Administrative and Governmental Law
Admiralty
Antitrust and Trade Regulation
Appellate Practice
Aviation Law
Bankruptcy
Collections
Corporation and Business Law
Criminal Law
Entertainment, Arts and Sports Law
Environmental Law
General Practice
Immigration and Naturalization
International Law
Labor and Employment Law
■Marital and Family Law
Patent, Trademark and Copyright
Real Property Law
Securities
Taxation
■Trial- Practice — General
Trial Practice — Commercial
Trial — Practice—Personal—Injury—and Wrongful Death
Wills, Estates and Estate Planning
Workers’ Compensation
Schedule B
1. Action under rule 6-2,6 5 on applications for permission filed by individual members provided the applications do not involve requests for waivers under rule 6-2.4 3(b) or (c).
2. Action under rule 6-2.9 8(c) on applications for renewal filed by individual members.
3. Issuance of letters of permission under rule 6-2.6 5 and rule 6-2.9 8(c).
4. Timely issuance and publication of all notices required under this chapter.
5. Maintenance of list of members required by rule 6-2.1(d).
6. Maintenance and publication of lists of educational courses approved by the board of certification, — designation legal specialization and education.
6-3 Florida Certification Plan
*1126 6-3.1 Administration. The board of certification, — designation legal specialization and education shall have the authority and responsibility to administer the program for regulation of certification including:
(a) Recommending to the board of governors areas in which certificates may be granted and providing procedures by which such areas may be determined, refined or eliminated;
(b) Recommending to the board of governors minimum, reasonable and nondiscriminatory standards concerning education, experience, proficiency, and other relevant matters for granting certificates in areas of certification;
(c) Providing procedures for the investigation and testing of the qualifications of applicants and certificate holders; and-to award-certificates;
(d) Awarding certificates to qualified applicants;
(d) (e) Encouraging law schools, the Continuing Legal Education Committee of The Florida Bar, voluntary bar associations and other continuing legal education entities to develop and maintain a program of continuing legal education to meet the standards described by the plan;
(e) (f) Cooperating with other agencies of The Florida Bar in establishing and enforcing standards of professional conduct necessary for the recognition and regulation of certification;
(f) (g) Cooperating with the Standing Committee on Specialization of the American Bar Association and with the agencies in other states engaged in the regulation of legal specialization;
(g) (h) Reporting as required, but at least annually, to the board of governors on the status and conditions of the plan;
(h) (i) Determining standards, rules and regulations to implement these rules in accordance with the minimum standards prescribed by the Supreme Court of Florida; and
(i) (j) Delegating to The Florida Bar staff any of the administrative responsibilities of the board of certification, designation legal specialization and education providing said board retains responsibility for staff decisions.
6-3.2 Certification committees. For each certification area approved by the Supreme Court of Florida, a seven-member committee, bearing the name of the area, shall be appointed by the president of The Florida Bar, with the advice and consent of the board of governors. Initial committee appointees shall be eminent attorneys in each field, shall be members in good standing of The Florida Bar, shall have been admitted to The Florida Bar no less than ten (10) years, and must meet such other requirements as may in the future be promulgated by the board of certification, designation legal specialization and education. Initial committee appointees shall be granted certificates by reason of such appointment. The committee members shall hold office for three (3) years and until their successors are appointed. The committee members shall be appointed to staggered terms of office, and the initial appointees shall serve as follows: two (2) members shall serve until June 30 next following their appointment, two (2) members shall serve until the second June 30 following their appointment, and three (3) members shall serve until the third June 30 following their appointment. Subsequent appointees must be certified in the area at the time of appointment, must be members in good standing of The Florida Bar, and must meet such other requirements as may be promulgated by the board of certification, designation legal specialization and education.
6-3.3 Jurisdiction of certification committees. Each certification committee shall be responsible for:
(a) Proposing to the board of legal specialization and education criteria for the issuance or renewal of a certificate, which may include:
(1) Experience;
(2) References;
(3) Continuing legal education;
*1127 (4) Examination, either oral or written or both; and
(5) Whether certificates may be issued without examination and on what basis; and
(6) Other relevant matters.
(b) Reviewing applications for certificates.
(c) Reviewing and establishing testing procedures as may be deemed necessary for certification or recertification.
(d) Recommending to the board of certification, — designation legal specialization and education certificates be; issued to those individuals meeting both the minimum standards imposed by this plan and the particular standards for the area for which certification is sought.
6-3.4 Limitations on the powers of the board of governors, the board of designation legal specialization and education and the certification committees. The following limitations are established:
(a) No standard shall be approved which shall, in any way, limit the right of a certificate holder to practice law in all areas.
(b) No lawyer shall be required to be certified before he or she can practice law in any particular area.
(c) All requirements for and all benefits to be derived from certification are individual and may not be fulfilled by or attributed to a law firm of which the certified lawyer may be a member.
(d) Participation in the plan shall be on a voluntary basis.
(e) The limit on the number of areas in which a lawyer may be certified shall be determined by such practical limits as are imposed by the requirements of “substantial involvement” and such other standards as may be established by the board of certification, designation legal specialization and education.
(f) No rules or standards shall be adopted in contravention of these Rules Regulating The Florida Bar.
6-3.5 Standards for certification.
(a) The minimum standards for certification are prescribed below. Each area of certification established under this chapter may contain higher or additional standards if approved by the Supreme Court of Florida.
(b) A member in good standing of The Florida Bar who is currently engaged in the full-time practice of law and who meets the area’s standards may apply for certification. From the date the application is filed to the date the certificate is issued the applicant must continue to practice law full-time and remain a member in good standing of The Florida Bar. The certificate issued by the board of certification, designation legal specialization and education shall state that the lawyer is a “Board Certified (area of certification) Lawyer.”
(c) Minimum requirements for qualifying for certification by examination are:
(1) A minimum of five (5) years in the practice of law on a full-time basis. The “practice of law” means full-time legal work performed primarily for purposes of rendering legal advice or representation. Service as a judge of any court of record shall be deemed to constitute the practice of law. Employment by the government of the United States, any state (including subdivisions of the state such as counties or municipalities), or the District of Columbia, and employment by a public or private corporation or other business shall be deemed to constitute the practice of law if the individual was required as a condition of employment to be a member of the bar of any state or the District of Columbia.
(2) A satisfactory showing of substantial involvement in the particular area for which certification is sought during three (3)of the last five (5) years preceding the application for certification.
(3) A satisfactory showing of such continuing legal education in a particular field of law for which certification is sought as set by that area’s standards, but in no event less than the minimum required an-der-the-F-lorida- Designation -P-lan ten (10) certification hours per year.
*1128 (4) Passing a written and/or oral examination applied uniformly to all applicants to demonstrate sufficient knowledge, skills, and proficiency in the area for which certification is sought and in the various areas relating to such field. The award of an LL.M. degree from an approved law school in the area for which certification is sought within eight (8) years of application may substitute as the written examination required in this paragraph if the area’s standards so provide.
(5) Current certification by an approved organization in the area for which certification is sought within five (5) years of filing an application may, at the option of the certification committee, substitute as partial equivalent credit, including the written examination required in paragraph (c)(4). Approval will be by the board of certification, designation legal specialization and education following a positive or negative recommendation from the certification committee.
(6) Peer review shall be used to solicit information to determine that an applicant for certification has achieved recognition as having a level of competence indicating proficient performance in handling the usual matters in the speciality field. An applicant otherwise qualified for certification may be determined unqualified on the basis of peer review.
Peer review shall be mandatory for all applicants and may not be eliminated by equivalents. Such peer review shall solicit, from persons familiar with the applicant, as much information as is reasonably necessary to accurately assess the applicant's competence, performance and reputation. This procedure may include independent inquiry apart from written references.
As part of the peer review process, the board of legal specialization and education and its area committees shall review an applicant’s professional ethics and disciplinary record. Such review shall include both disciplinary complaints and malpractice actions against an applicant. An applicant otherwise qualified may be denied certification on the basis of this record. Certification may also be withheld pending the outcome of a disciplinary complaint or malpractice action.
(d) When certification without examination is available in an area, the minimum requirements for such certification are:
(1) A minimum of twenty (20) years in the practice on a full-time basis.
(2) A satisfactory showing of competence and substantial involvement in the particular area for which certification is sought during five (5) of the last ten (10) years, including the year immediately preceding the application for certification. Substantial involvement in the practice of law for the one year immediately preceding the application may be waived for good cause shown.
(3) A satisfactory showing of such continuing legal education in a particular field of law for which certification is sought as set by that area’s standards, but in no event less than the minimum required-under the Florida Designation P-Ian fifteen (15) hours per year.
(4) Satisfactory peer review and professional ethics record in accordance with paragraph (c)(6).
(4) (5) Certification without examination may be granted only to individuals who apply within two (2) years after the date on which the particular area is approved by the Supreme Court of Florida.
(5) (6) Payment of any fees required by the plan.
6-3.6 Recertification.
(a) No certificate shall last for a period longer than five (5) years.
(b) Each area of certification established under this chapter shall contain requirements and safeguards for the continued proficiency of any certificate holder. The following minimum standards shall apply:
(1) A satisfactory showing of substantial involvement during the period of certification in the particular area for which certification was granted.
(2) A satisfactory showing of such continuing legal education in the area for which certification is granted, but in no *1129 event less than the-minimum required under the Florida Designation Plan ten (10) hours per year.
(3) Satisfactory peer review and professional ethics record in accordance with rule 6-3.5(c)(6).
(3) The payment of any fees prescribed by the plan.
(c) Any applicant for recertification who has either failed to meet the standards for recertification or has allowed the certificate to lapse must meet all the requirements for initial certification as set out in the area’s standards.
6-3.7 Revocation of certification.
(a) A certificate may be revoked by the board of certification, designation legal specialization and education if the program for certification in that area is terminated or it is determined after hearing on appropriate notice that:
(1) The certificate was issued to a lawyer who was not eligible to receive a certificate or who made any false representation or misstatement of material fact to the certification committee or the board of certification, designation legal specialization and education.
(2) The certificate holder failed to abide by all rules and regulations governing the program promulgated by the board of governors or the board of certification, designation legal specialization and education as amended from time to time, including any requirement or safeguard for continued proficiency.
(3) The certificate holder failed to pay any fee established by the plan.
(4) The certificate holder no longer meets the qualifications established by the plan or the board of certification, designa-tien legal specialization and education.
(b) A certificate may be revoked by the board of governors by reason of disciplinary action taken pursuant to the Rules of Discipline or the Rules of Professional Conduct of The Florida Bar.
6-3.8 Manner of certification.
(a) A member having received a certificate in an area may list the area on his letterhead, business cards, office door, in the yellow pages of the telephone directory, in approved law lists, and by such other means permitted by the Rules of Professional Conduct. The listing shall may be made by stating “Board Certified (area of certification) Lawyer-/’ or “Specialist in (area of certification).”
(b) No law firm may list an area of certification for the firm, but membership in the firm does not impair an individual’s eligibility to list areas of certification in accordance with this chapter. Except for the firm listing in the telephone directory, a law firm may show next to the names of any firm members their certification area(s).
6-3.9 Right of appeal. A lawyer who is refused certification, recertification, or whose certificate is revoked by the board of certification, designation legal specialization and education, or any person who is aggrieved by a ruling or determination of that board shall have the right to appeal the ruling to the board of governors under such rules and regulations as it may prescribe. Exhaustion of this right of appeal shall be a condition precedent to judicial review by the Supreme Court of Florida.
6-3.10 Fees: The fees for the operation of this plan are:
(a) Filing fee ($200). This is for the filing and review of an individual’s certification or recertification application. This fee is not refundable.
(b) Examination/certification fee ($150). This fee must be paid before the taking of the examination for certification or before an applicant who otherwise qualifies receives his or her certificate. This fee is not refundable.
(c) Annual fee ($75). This fee is assessed against each plan participant required to file an annual audit for a particular year. Collection of the fee shall coincide with the distribution of annual audit forms.
*1130 (d) Course approval fee ($125). This fee is assessed against sponsors who want their course approved under the plan.
(e) Individual credit approval ($5). This fee is assessed against applicants or plan participants to cover administrative costs of processing a credit request where a sponsor refuses to cooperate with approval under the plan.
6-3.11 Confidentiality. All matters including but not limited to applications, references, tests and test scores, files, reports, investigations, hearings, findings, and recommendations shall be confidential so far as consistent with the effective administration of this plan, fairness to the applicant, and due process of law.
6-4 Standards for certification of a board certified civil trial lawyer.
6-4.1 Generally. A lawyer who is a member in good standing of The Florida Bar and who meets the standards prescribed below may be issued an appropriate certificate identifying the lawyer as a “Board Certified Civil Trial Lawyer.” The purpose of the standards is to identify those lawyers who practice civil trial law and have the special knowledge, skills, and proficiency to be properly identified to the public as certified civil trial lawyers.
6-4.2 Definitions.
(a) “Civil trial law” is the practice of law dealing with litigation of civil controversies in all areas of substantive law before state courts, federal courts, administrative agencies, and arbitrators. In addition to actual pretrial and trial process, “civil trial law” includes evaluating, handling, and resolving civil controversies prior to the initiation of suit.
(b) The “practice of law” for this area is defined as set out at rule 6-3.5(c)(l). Practice of law which otherwise satisfies these requirements but which is on a-part-time basis will satisfy the requirement if the balance of the applicant’s activity is spent as a teacher of civil trial subjects in an accredited law school.
6-4.3 Minimum standards.
(a) Substantial involvement. To become certified as a civil trial lawyer, a lawyer must demonstrate substantial involvement in civil trial law. Substantial involvement shall include:
(1) At least five (5) years of actual practice of law of which at least thirty (30) percent has been spent in active participation in civil trial law. At least three (3) years of this practice shall be immediately preceding application or, during those three (3) years, the applicant may have served as a judge of a court of general civil jurisdiction adjudicating civil trial matters.
(2) The trial of a minimum of fifteen (15) contested civil cases in courts of general jurisdiction (excluding dissolution of marriage cases) during his or her practice. Of these fifteen (15) cases several shall have been jury cases, several shall have been conducted by the applicant as lead counsel and several shall have been submitted to the trier of fact. At least five (5) of the fifteen (15) cases, including some jury cases and some cases conducted by the applicant as lead counsel, shall have been tried during the three (3) years immediately preceding application. If the applicant does not meet these criteria, as contained in the immediately preceding sentence, the civil trial certification committee may review the applicant’s trial experience to determine if the applicant has demonstrated special competence as a civil trial lawyer. In all events, in the three (3) years immediately preceding application, the applicant must have conducted at least three (3) trials, including at least one jury trial and one trial as lead counsel. On good cause shown, for satisfaction in part of the requirement of the fifteen (15) contested civil cases the civil trial certification committee may consider involvement in protracted litigation.
(3) Within three (3) years immediately preceding application the applicant shall have substantial involvement in contested civil matters sufficient to demonstrate special competence as a civil trial lawyer. Substantial involvement includes investigation, evaluation, pleading, discovery, taking of testimony, presentation of evidence and *1131 argument of jury or nonjury cases. For good cause shown, the civil trial certification committee may waive two (2) of the three (3) years substantial involvement for individuals who have served as judges of courts of general jurisdiction adjudicating civil trial matters. In no event may the year immediately preceding application he waived.
(b) References Peer review. The applicant shall select and submit names and addresses of six (6) lawyers, not associates or partners, as references to attest to the applicant’s involvement in civil trial practice. Such lawyers themselves shall be substantially involved in civil trial law and shall be familiar with the applicant’s practice. No less than one shall be a judge of a court of general jurisdiction in the State of Florida before whom the applicant has appeared as an advocate in the two (2) years immediately preceding the application. In addition, the civil trial certification committee may, at its option, send reference forms to other attorneys and judges.
(c) Education. The applicant shall make a satisfactory showing that within the three (3) years immediately preceding application he or she has minimum approved postgraduate educational experience accumulated at least fifty (50) hours of approved continuing legal education in the broad field of civil trial law. Such experi-enee education shall be at-programs approved by The Florida Bar and may include such activity as:
(1) Teaching a course in civil trial law;
(2) Completion of a course in civil trial law;
(3) Participation as a panelist or speaker in a symposium or similar program in civil trial law;
(4) Attendance at a lecture series or similar program concerning civil trial law, sponsored by a qualified educational institution or bar group;
(5) Authorship of a book or article on civil trial law, published in a professional publication or journal; or
(6)Such other educational experience as the civil trial certification committee shall approve.
For applications-filed in the year 1984 and thereafter there-shall be a minimum of fifty (50) hours,
(d)Examination. The applicant must pass an examination applied uniformly to all applicants, to demonstrate sufficient knowledge, proficiency and experience in civil trial law to justify the representation of special competence to the legal profession and to the public.
6-4.4 Recertification. Recertification shall be under the following standards:
(a) Continuous and substantial involvement in the practice of law, of which thirty (30) percent has been spent in active participation in civil trial law throughout .the period since the last date of certification. The demonstration of substantial involvement shall be made in accordance with the standards set forth in rule 6-4.3(a)(3).
(b) The trial of a minimum of three (3) contested civil cases in courts of general jurisdiction (excluding dissolution of marriage cases) during the period since the last date of certification. Of these three (3) cases at least one shall have been a jury case and at least two (2) shall have been conducted by the applicant as lead counsel. On good cause shown, for satisfaction in part of the requirement of the three (3) contested civil cases, the civil trial certification committee may consider involvement in protracted litigation.
(c) The applicant must submit references for knowledge - and--experience-in — accordance-Avith rule 6-4,3(b). — The references submitted must be able to attest to the applicant’s practice ■and-involvement-in-civ-il trial practice throughout the period since the-last-date of certification, The applicant shall submit the names and addresses of three (3) currently board certified civil trial lawyers, and one (1) judge of a court of general jurisdiction before whom the applicant has appeared as an advocate within the two (2) years preceding application for recertification. Individuals used as references shall be sufficiently familiar with the applicant to attest to his or her practice and *1132 involvement in civil trial law throughout the period since the last date of certification. Lawyers who currently practice in the applicant’s law firm may not be used as references. The civil trial certification committee may, at its option, send reference forms to other attorneys and judges or authorize reference forms from other attorneys and judges.
(d) The applicant must demonstrate he or she has completed at least fifty (50) seventy-five (75) hours of approved continuing legal education since the last date of certification. This requirement shall be satisfied by the applicant’s participation in postgraduate continuing legal education approved by The Florida Bar pursuant to rule 6-4.-3(c)(1) through (6).
(e) On special application, for good cause shown, the civil trial certification committee may waive compliance with the substantial involvement criteria provided all other requirements of this rule have been complied with.
6-5 Standards for certification of a board certified tax lawyer.
6-5.1 Generally. A lawyer who is a member in good standing of The Florida Bar and who meets the standards prescribed below may be issued an appropriate certificate identifying the lawyer as a “Board Certified Tax Lawyer.” The purpose of the standards is to identify those lawyers who practice in the area of taxation and have the special knowledge, skills, and proficiency to be properly identified to the public as certified tax lawyers.
6-5.2 Definitions.
(a) “Tax law” means legal issues involving federal, state or local income, estate, gift, ad valorem, excise, or other taxes.
(b) The “practice of law” for this area is defined as set out at rule 6-3.5(c)(l). of-the rales-goveming-the Florida Certification ■Flan, Notwithstanding anything in the definition to the contrary, legal work done primarily for the purpose other than legal advice or representation (including, but not limited to, work related to the sale of insurance or retirement plan or work in connection with the practice of a profession other than the law) shall not be treated as the practice of law.
6-5.3 Minimum standards.
(a) Minimum period of practice. Every applicant shall have been engaged in the practice of law in the United States, or engaged in the practice of United States law while in a foreign country, and shall have been a member in good standing of the bar of any state of the United States or the District of Columbia for a period of five (5) years as of the date of application.
(1) The years of practice of law need not be consecutive.
(2) Notwithstanding the definition of “practice of law” in rule 6-5.2(b) receipt of an LL.M. degree in taxation (or such other related fields approved by the board of certification, designation legal specialization and education and the tax certification committee) from an approved law school shall be deemed to constitute one year of the practice of law for purposes of the five-year practice requirement (but not the five-year bar membership requirement) under this section. Provided, however, an applicant may not receive credit for more than one year of practice for any twelvemonth period under this section; accordingly, for example, an applicant who, while being engaged in the practice of law, receives an LL.M. degree by attending night classes, would not receive credit for the practice of law requirement by virtue of his or her having received the LL.M. degree.
(b) Substantial involvement. Every applicant must demonstrate substantial involvement in the practice of tax law during the three (3) years immediately preceding the date of application. Upon an applicant’s request and the recommendation of the tax certification committee, the board of certification, designation legal specialization and education may waive the requirement that the three (3) years be “immediately preceding” the date of application if the board of certification, designation legal specialization and education determines the waiver is warranted by special and compelling circumstances. Substantial involvement means the applicant has devoted for *1133 ty (dO) thirty (30) percent or more of his or her practice to matters in which issues of tax law are significant factors and in which he or she had substantial and direct participation in those tax issues. An applicant must furnish information concerning the frequency of his or her work and the nature of the issues involved. For the purposes of this section the “practice of law” shall be as defined in rule 6-5.2(b) except that it shall also include time devoted to lecturing and/or authoring books or articles on tax law if the applicant was engaged in the practice of law during such period. Demonstration of compliance with this requirement shall be made initially through a form of questionnaire approved by the tax certification committee but written or oral supplementation may be required.
(c) References for knowledge-and-exper-ience Peer review. Every applicant shall submit the names and addresses of five (5) other attorneys who are familiar with his or her practice, not including attorneys who currently practice in the applicant’s law firm, who can attest to the applicant’s reputation for involvement in the field of tax lawT in accordance with Rule 6-3.5(c)(6). The board of certif ication,-de s ignation legal specialization and education or the tax certification committee may authorize references from persons other than attorneys in such cases as they deem appropriate. The board of certification, designation legal specialization and education and the tax certification committee may also make such additional inquiries as they deem appropriate.
(d) Education. Every applicant must demonstrate that during the three-year period immediately preceding the date of his or her application, he or she has met the continuing legal education requirements in tax law as follows. During the first three (3)years after the plan’s implementation, the required number of hours of continuing legal-education--shall-be-sixty- (60) hours which shall have been attained during the three-year period preceding the date of application. — Thereafter, The required number of hours shall be established by the board of certification,.designation legal specialization and education but and shall in no event be less than ninety (90) hours. Credit for attendance at continuing legal education seminars shall only be given for programs which are directly related to tax law. However, during the — first - two (2) years of the plan any-courses approved for full or partial credit in taxation-under The Florida Bar Designation Plan shall be given equal credit for the-purposes of the education-requirement under this section-. The education requirement may be satisfied by one or more of the following:
(1) Attendance at continuing legal education seminars meeting the requirements set forth above;
(2) Lecturing at, and/or serving on the steering committee of, such continuing legal education seminars;
(3) Authoring articles or books published in professional periodicals or other professional publications;
(4) Teaching courses in “tax law” at an approved law school or other graduate level program presented by a recognized professional education association;
(5) Completing such home study programs as may be approved by the board of certification,--designation legal specialization and education and or the tax certification committee, subject to the limitation that no more than fifty (50) percent of the required number of hours of education may be satisfied through home study programs; or
(6) Such other methods as may be approved by the board of certification, designation legal specialization and education and the tax certification committee.
The board of certification, designation legal specialization and education or the tax certification committee shall, by rule or regulation, establish standards applicable to this rule, including, but not limited to, the method of establishment of the number of hours allocable to any of the above-listed paragraphs. Such rules or regulations shall provide that hours shall be allocable to each separate but substantially different *1134 lecture, article or other activity described in paragraphs (2), (3), and (4) above.
(e) Examination. Every applicant must pass a written examination designed to demonstrate sufficient knowledge, skills, and proficiency in the field of tax law.
6-5.4 Recertification. To be eligible for recertification, an applicant must meet the following requirements:
(a) A satisfactory showing, as determined by the board of certification, - designation legal specialization and education and the tax certification committee, of continuous and substantial involvement in the field of tax law throughout the period since the last date of certification. The demonstration of substantial involvement shall be made in accordance with the standards set forth in rule 6-5.3(b), except that the board of certificationr de&ignation legal specialization and education and the tax certification committee may accept an affidavit from the applicant attesting to his or her compliance with the substantial involvement requirement;
(b) Demonstration that he or she has completed at least one hundred fifty (150) hours of continuing legal education since the last date of certification (or recertification). The continuing legal education must logically be expected to enhance the proficiency of attorneys who are board certified tax lawyers. If the applicant has not attained one hundred fifty (150) hours of continuing legal education, but has attained more than sixty (60) hours during such period, successful passage of the written examination given by the board of certification, designation legal specialization and education to new applicants shall satisfy the continuing legal education requirements;
(c) Completion of the reference requirements set forth in rule 6-5.3(c); and
(d) If, after reviewing the material submitted by an applicant for recertification, the board of certification, designation legal specialization and education and the tax certification committee determine that the applicant may not meet the standards in tax law established under this chapter, the board of certification, — designation legal specialization and education and the tax certification committee may require, as a condition of recertification, that the applicant pass the written examination given by the board of certification,--designation legal specialization and education to new applicants.
6-6 Standards for certification of a board certified marital and family lawyer.
6-6.1 Generally. A lawyer who is a member in good standing of The Florida Bar and who meets the standards prescribed below may be issued an appropriate certificate identifying the lawyer as a “Board Certified Marital and Family Lawyer.” The purpose of the standards is to identify those lawyers who practice marital and family law and have the special knowledge, skills, and proficiency to be properly identified to the public as certified marital and family lawyers.
6-6.2 Definitions.
(a) “Marital and family law” is the practice of law dealing with legal problems arising from the family relationship of husband and wife and parent and child, including litigation of civil controversies arising from those relationships. In addition to actual pretrial and trial process, “marital and family law” includes evaluating, handling, and resolving such controversies pri- or to the institution of suit and post judgment proceedings.
(b) The “practice of law” for this area is defined as set out in rule 6-3.5(c)(l). of the rules governing the-^-lor-ida — Gerti-f-ication Plan, Practice of law which otherwise satisfies these requirements but which is on a part-time basis will satisfy the requirement if the balance of the applicant’s activity is spent as a teacher of family law subjects in an accredited law school.
6-6.3 Minimum standards.
(a) Substantial involvement. To become certified as a marital and family lawyer, an applicant must demonstrate substantial involvement in marital and family law. Substantial involvement shall include:
*1135 (1) At least five (5) years of actual practice of law of which at least thirty (30) percent has been spent in active participation in marital and family law. These five (5) years of practice shall be immediately preceding application.
(2) The trial of a minimum of twenty-five (25) contested marital and family law cases in circuit courts during the five (5) years immediately preceding application. All such cases must have involved substantial legal or factual issues other than the dissolution of marriage. In each of these twenty-five (25) cases the applicant shall have been responsible for all or a majority of the presentation of evidence and representation of the client. At least ten (10) of the twenty-five (25) cases must have been submitted to the trier of fact for resolution of one or more contested issues. On good cause shown, for satisfaction in part of the requirement of the twenty-five (25) contested marital and family law cases, the marital and family law certification committee may consider involvement in protracted litigation.
(3) Within three (3) years immediately preceding application the applicant shall have substantial involvement in contested marital and family law cases sufficient to demonstrate special competence as a marital and family lawyer. Substantial involvement includes active participation in client interviewing, counseling and investigating, preparation of pleadings, participation in discovery, taking of testimony, presentation of evidence, negotiation of settlement, drafting and preparation of marital settlement agreements, and argument and trial of marital and family law cases. Substantial involvement also includes active participation in the appeal of marital and family law cases.
(b)References Peer review. The applicant shall select and submit names and addresses of six (6) lawyers, not associates or partners, as references to attest to the applicant’s involvement in marital and family law. Such lawyers themselves shall be substantially involved in marital and family law and shall be familiar with the applicant’s practice. No less than two (2) shall be judges of circuit courts in the State of Florida before whom the applicant has appeared as an advocate in a trial of a marital and family law case in the two (2) years immediately preceding the application. In addition, the marital and family law certification committee may, at its option, send reference forms to other attorneys and judges, and make such other investigation as necessary.
(c) Education. The applicant shall make a satisfactory showing that within the three (3) years immediately preceding application he or she has minimum approved postgraduate educational experience accumulated at least fifty (50) hours of approved continuing legal education in the field of marital and family law. Such experience education shall be at-programs approved by The Florida Bar and may include such activity as:
(1) Teaching a course in marital and family law;
(2) Completion of a course in marital and family law;
(3) Participation as a panelist or speaker in a symposium or similar program in marital and family law;
(4) Attendance at a lecture series or similar program concerning marital and family law, sponsored by a qualified educational institution or Bar group;
(5) Authorship of a book or article on marital and family law, published in a professional publication or journal;
(6) Such other educational experience as the marital and family law certification committee shall approve. For applications filed in the year 1935-and-ther-eafter-there shall — be-⅜- ■minimum- of - fifty- (50)-hour-s,
(d) Examination. The applicant must pass an examination applied uniformly to all applicants, to demonstrate sufficient knowledge, proficiency, and experience in marital and family law to justify representation of special competence to the legal profession and to the public.
6-6.4 Circuit judges. An applicant who has served as a circuit judge within the five (5) years immediately preceding application *1136 may be eligible for certification if he or she:
(a) Devoted at least thirty (30) percent of his or her practice or judicial labor to adjudicating marital and family law cases during the five (5) years immediately preceding application.
(b) Either presided over as a judge or handled as an advocate the trial of a minimum of twenty-five (25) contested marital and family law cases in circuit courts during the five (5) years immediately preceding application. All such cases must have involved substantial legal or factual issues other than the dissolution of marriage. At least ten (10) of such cases must have been submitted to the trier of fact for resolution of one or more contested issues. If the applicant handled the cases as an advocate, he or she must have been responsible for all or a majority of the presentation of evidence and representation of the client.
(c) Meets the requirements of rule 6-6.-3(a)(3) during the year immediately preceding application.
(d) Submits the references required by rule 6-6.3(b).
(e) Has accumulated the minimum approved postgraduate continuing legal education in the field of marital and family law as required by rule 6-6.3(c).
(f) Successfully passes the examination required by rule 6-6.3(d).
6-6.5 Recertification. To be eligible for recertification, an applicant must meet the following requirements:
(a) Continuous and substantial involvement in the field of marital and family law throughout the period since the last date of certification. The demonstration of substantial involvement shall be made in accordance with the standards set forth in rules 6-6.3(a)(l) and (3) and 6-6.4(a).
(b) Either presided over as a judge or handled as an advocate since certification or the last recertification a minimum of fifteen (15) contested, marital and family law cases in circuit courts. All such cases must have involved substantial legal or factual issues other than the dissolution of marriage. At least five (5) of such cases must have been submitted to the trier of fact for resolution of one or more contested issues. If the applicant handled the cases as an advocate, he or she must have been responsible for all or a majority of the presentation of the evidence and representation of the client. On good cause shown, for satisfaction in part of the fifteen (15) contested marital and family law cases, the marital and family law certification committee may consider involvement in protracted litigation.
(c) Completion of at least seventy-five (75) hours of continuing legal education since the last date of certification (or recer-tification). The continuing legal education must logically be expected to enhance the proficiency of attorneys who are board certified marital and family lawyers. If the applicant has not attained seventy-five (75) hours of continuing legal education, but has attained more than fifty (50) hours during such period, successful passage of the examination given to new applicants shall satisfy the continuing legal education requirements.
(d) Completion of the reference requirements set forth in rule 6-6.3(b).
6-7 Standards for certification of a board certified estate planning and probate lawyer.
6-7.1 Generally. A lawyer who is a member in good standing of The Florida Bar and who meets the standards prescribed below may be issued an appropriate certificate identifying the lawyer as a “Board Certified Estate Planning and Probate Lawyer.” The purpose of the standards is to identify those lawyers who practice in the area of estate planning and probate and have the special knowledge, skills, and proficiency to be properly identified to the public as certified estate planning and probate lawyers.
6^-7.2 Definitions.
(a) “Estate planning and probate” is the practice of law dealing with all aspects of the analysis and planning for the conservation and disposition of estates, giving due consideration to the applicable tax consequences, both federal and state; the prepa *1137 ration of legal instruments to effectuate estate plans; administering estates, including tax related matters, both federal and state; and probate litigation.
(b) The “practice of law” for this area is defined as set out in rule 6-3.5(c)(l). of-the rules governing the FIorida-Gertification Plan. Notwithstanding anything in the definition to the contrary, legal work done primarily for any purpose other than legal advice or representation (including, but not limited to, work related to the sale of insurance or retirement plan or work in connection with the practice of a profession other than the law) shall not be treated as the practice of law. Service as a judge of any court of record shall be deemed to constitute the practice of law. Practice of law which otherwise satisfies these requirements but which is on a part-time basis will satisfy the requirement if the balance of the applicant’s activity is spent as a teacher of estate planning or probate subjects in an accredited law school.
6-7.3 Minimum standards.
(a) Minimum period of practice. Every applicant shall have been engaged in the practice of law in the United States, or engaged in the practice of United States law while in a foreign country, and shall have been a member in good standing of the bar of any state of the United States or the District of Columbia for a period of five (5) years as of the date of application.
Notwithstanding the definition of “practice of law” in rule 6-7.2(b), receipt of an LL.M. degree in taxation or estate planning and probate (or such other related fields approved by the board and estate planning and probate certification committee) from an approved law school shall be deemed to constitute one year of the practice of law for purposes of the five-year practice requirement (but not the five-year bar membership requirement) under this section. Provided, however, an applicant may not receive credit for more than one year of practice for any twelve-month period under this section; accordingly, for example, an applicant who, while being engaged in the practice of law receives an LL.M. degree by attending night classes, would not receive credit for the practice of law requirement by virtue of having received the LL.M. degree.
(b) Substantial involvement. Every applicant must demonstrate substantial involvement in the practice of law in estate planning, probate or probate related activities during the five (5) years immediately preceding the date of application, including devoting more than fifty- (50) forty (40) percent of practice to estate planning and probate matters during each of the two (2) years immediately preceding application. Service as a judge in the probate division of the circuit court of this state during six (6) months or more of a calendar year shall satisfy a year of substantial involvement. Except for the two (2) years immediately preceding application, upon an applicant’s request and the recommendation of the estate planning and probate certification committee, the board of certification, designa-tien legal specialization and education may waive the requirement that the five (5) years be “immediately preceding” the date of application if the board of certification, designation legal specialization and education determines the waiver is warranted by special and compelling circumstances. Except for the two (2) years immediately preceding application, receipt of an LL.M. degree in estate planning and probate (or such other degree containing substantial estate planning and probate content as approved by the board of certification, designation legal specialization and education) from an approved law school may substitute for one year of substantial involvement. An applicant must furnish information concerning the frequency of work and the nature of the issues involved. For the purposes of this section the “practice of law” shall be as defined in rule 6-7.2(b) except that it shall also include time devoted to lecturing and/or authoring books or articles on estate planning and probate if the applicant was engaged in the practice of law during such period. Demonstration of compliance with this requirement shall be made initially through a form of questionnaire approved by the estate planning and probate certification committee but *1138 written or oral supplementation may be required.
(c) References for knowledge and experience Peer review. Every applicant shall submit the names and addresses of five (5) other attorneys who are familiar with the applicant’s practice, not including attorneys who currently practice in the applicant’s law firm, who can attest to the applicant’s reputation for involvement in the field of estate planning and probate law. The board of certification, designation legal specialization and education and the estate planning and probate certification committee may authorize references from persons other than attorneys in such cases as they deem appropriate. The board of certificar tion, — designation legal specialization and education and the estate planning and probate certification committee may also make such additional inquiries as they deem appropriate.
(d) Education. Every applicant must demonstrate that during the three-year period immediately preceding the date of his or her application,, he or she has met the continuing legal education requirements in estate planning and probate as follows. Bur-ing- the first three (3) years after the plan’s implementation, the required number of hours of-continuing-legal-education shall be sixty (£Q)-hours-which-shall-have -been attained during the three-year period preceding the-date-of-application,-Thereafter, The required number of hours shall be established by the board of certification, designation legal specialization and education but and shall in no event be less than ninety (90) hours. Credit for attendance at continuing legal education seminars shall be given only for programs which are directly related to estate planning and probate. However, during the first two (2) years of-the plan any courses-approved for full or partial-credit-in-estate planning and probate under The Florida Designation ■Plan shall be given equal credit for the purposes of the education requirement under- this section. The education requirement may be satisfied by one or more of the following:
(1) Attendance at continuing legal education seminars meeting the requirements set forth above;
(2) Lecturing at, and/or serving on the steering committee of, such continuing legal education seminars;
(3) Authoring articles or books published in professional periodicals or other professional publications;
(4) Teaching courses in “estate planning and probate” at an approved law school or other graduate level program presented by a recognized professional education association;
(5) Completing such home study programs as may be approved by the board of certification, designation legal specialization and education and the estate planning and probate certification committee, subject to the limitation that no more than fifty (50) percent of the required number of hours of education may be satisfied through home study programs; and
(6) Such other methods as may be approved by the board of legal specialization and education and the estate planning and probate certification committee.
The board of certification, designation legal specialization and education and the estate planning and probate certification committee shall, by rule or regulation, establish standards applicable to this rule, including, but not limited to, the method of establishment of the number of hours allo-cable to any of the above-listed paragraphs. Such rules or regulations shall provide that hours shall be allocable to each separate but substantially different lecture, article or other activity described in paragraphs (2), (3), and (4) above.
(e) Examination. The applicant must pass an examination which will be practical and objective and designed to demonstrate special knowledge, skills, and proficiency in estate planning and probate law.
6-7.4 Recertification. Recertification must be obtained every five (5) years. To be eligible for recertification, an applicant must meet the following requirements:
(a) A satisfactory showing, as determined by the board of certification, desig *1139 nation legal specialization and education and the estate planning and probate certification committee, of continuous and substantial involvement in estate planning and probate law throughout the period since the last date of certification. The demonstration of substantial involvement of more than fifty-(50) forty (40) percent during each year after certification or prior recer-tification shall be made in accordance with the standards set forth in rule 6-7.3(b).
(b) The applicant must demonstrate he or she has completed at least one hundred twenty-five (125) hours of approved continuing legal education since the last date of certification. This requirement shall be satisfied by the applicant’s participation in postgraduate continuing legal education approved by The Florida Bar pursuant to rule 6-7.3(d)(l) through (6).
(c) A written, short, objective, mail-in examination covering important changes in the law. Failure of the examination shall necessitate the applicant passing the examination for new applicants required by rule 6-7.3(e).
(d) An applicant for recertification shall submit the names and addresses of three (3) currently board certified estate planning and probate lawyers who are familiar with his or her practice, excluding lawyers who currently practice in the applicant’s law firm, who can attest to the applicant’s reputation for ability of practice and involvement in the field of estate planning and probate law throughout the period since the last date of certification. The board of certification, designation legal specialization and education and the estate planning and probate certification committee may authorize references from persons other than board certified lawyers in such cases as they deem appropriate. The board of certification, designation legal specialization and education and the estate planning and probate certification committee may also make such additional inquiries as they deem appropriate. The board of certification, designation legal specialization and education may deny certification based upon information received from statements of reference.
(e)If, after reviewing the material submitted by an applicant for recertification, the board of certification, designation legal specialization and education and the estate planning and probate certification committee determine the applicant may not meet the standards in estate planning and probate law established under this chapter, the board of certification, designation legal specialization and education and the estate planning and probate certification committee may require, as a condition of recertifi-cation, that the applicant pass an examination given by the board of certification, designation legal specialization and education to new applicants.
6-8 Standards for certification of a board certified criminal lawyer.
6-8.1 Generally. A lawyer who is a member in good standing of The Florida Bar and who meets the standards prescribed below may be issued an appropriate certificate identifying the lawyer as either a “Board Certified Criminal Trial Lawyer” or a “Board Certified Criminal Appellate Lawyer.” An applicant may qualify for certification under both categories provided the applicant meets the standards for each category. The purpose of the standards is to identify those lawyers who practice criminal law and have the special knowledge, skills, and proficiency to be properly identified to the public as certified criminal trial or appellate lawyers.
6-8.2 Definitions and committee.
(a) “Criminal law” is the practice of law dealing with the defense and prosecution of misdemeanor and felony crimes in state and federal trial and appellate courts.
(b) The “practice of law” for this area is defined as set out at rule 6-3.5(c)(l). of the rules-goveming the Florida Certification Plan.
(c) The criminal law certification committee shall consist of one member with experience in the field of criminal appellate law and six (6) members with experience in the field of criminal trial law.
6-8.3 Criminal trial; minimum standards.
*1140 (a) Substantial involvement. To become certified as a criminal trial lawyer, an applicant must demonstrate substantial involvement in criminal trial law. Substantial involvement shall include:
(1) At least five (5) years of the actual practice of law of which at least forty (40) thirty (30) percent has been spent in active participation in criminal trial law. At least three (3) years of this practice shall be immediately preceding application or, during those three (3) years the applicant may have served as a judge.
(2) The trial of a minimum of twenty-five (25) criminal cases. Of these twenty-five (25) cases, at least twenty (20) shall have been jury trials and at least fifteen (15) shall have involved felony charges. On good cause shown, for satisfaction in part of the twenty-five (25) criminal trials, the criminal law certification committee may consider involvement in protracted litigation.
(3) Within the three (3) years immediately preceding application, the applicant’s substantial involvement must be sufficient to demonstrate special competence as a criminal trial lawyer. Substantial involvement includes investigation, evaluation, pleading, discovery, taking of testimony, presentation of evidence, and argument of jury or nonjury cases. For good cause shown, the criminal law certification committee may waive two (2) of the three (3) years of substantial involvement for individuals who have served as judges. In no event may the year immediately preceding application be waived.
(b) References Peer review.
(1) The applicant shall submit the names and addresses of at least four (4) lawyers, not associates or partners, as references to attest to the applicant’s substantial involvement and competence in criminal trial practice. Such lawyers shall be substantially involved in criminal trial law and familiar with the applicant’s practice.
(2) The applicant shall submit the names and addresses of at least two (2) judges before whom he or she has appeared on criminal trial matters within the last two (2) years, or before whom he or she has tried a criminal trial to jury verdict, to attest to the applicant’s substantial involvement and competence in criminal trial practice.
(3)The criminal law certification committee may, at its option, send reference forms to other attorneys and judges.
(c) Education.
(1) The applicant shall make a satisfactory showing that within the three (3) years immediately preceding application he or she has accumulated at least thirty (30) forty-five (45) hours of approved continuing legal education in the field of criminal law.
(2) Applicants seeking certification as both criminal trial and criminal appellate lawyers must, during the three (3) years immediately preceding application, complete thirty (30) forty-five (45) hours of approved continuing legal education as aforesaid for each category, for a total of sixty (60) ninety (90) hours.
(d) Examination. Every applicant must pass an examination designed to demonstrate sufficient knowledge, proficiency and experience in criminal law, application of constitutional principles, and rules of criminal procedure to justify the representation of special competence to the legal profession and public.
6-8.4 Criminal trial recertification. Re-certification shall be pursuant to the following standards:
(a) The applicant shall demonstrate continuous and substantial involvement in the practice of law, of which at least foEty-(40) thirty (30) percent must have been spent in active participation in criminal trial law throughout the period since the last date of certification. The demonstration of substantial involvement shall be made in accordance with the standards set forth in rule 6-8.3(a)(3).
(b) The trial of a minimum of five (5) criminal cases. Of these five (5) cases, at least four (4) shall have been jury trials and at least three (3) shall have involved felony charges. On good cause shown, for satisfaction in part of the five (5) criminal trials, *1141 the criminal law certification committee may consider involvement in protracted litigation.
(b) (c) The applicant shall make a satisfactory showing that he or she has accumulated at least fifty.(50) seventy-five (75) hours of approved continuing legal education during the period since original certification. Applicants seeking recertification as both criminal trial lawyers and criminal appellate lawyers must complete at least fifty (50) seventy-five (75) hours of approved continuing legal education in each of the categories, for a total of one hundred fifty (1-66) (156) hours.
(e) (d) The applicant shall submit the names and addresses of at least four (4) lawyers, not associates or partners, as references, to attest to the applicant’s substantial involvement and competence in criminal trial practice. Such lawyers shall be substantially involved in criminal trial law and familiar with the applicant’s practice.
(d) (e) The applicant shall submit the names and addresses of at least two (2) judges before whom he or she has appeared on criminal trial matters within the last two (2) years, or before whom he or she has tried a criminal trial to jury verdict, to attest to the applicant’s substantial involvement and competence in criminal trial practice.
(e) (f) The criminal law certification committee may, at its option, send reference forms to other attorneys and judges.
6-8.5 Criminal appellate; minimum standards.
(a) Substantial involvement. To become certified as a criminal appellate lawyer, an applicant must demonstrate substantial involvement in criminal appellate law. Substantial involvement shall include:
(1)At least five (5) years of the actual practice of law of which at least forty (46) thirty (30) percent has been spent in active participation in criminal appellate law. At least three (3) years of this practice shall be immediately preceding application or, during those three (3) years, the applicant may have served as a judge. The five (5) years of criminal appellate practice shall include brief writing, motion practice, oral arguments, and extraordinary writs sufficient to demonstrate special competence as a criminal appellate lawyer.
(2) The representation of at least twenty-five (25) appellate actions. On good cause shown, for satisfaction in part of the twenty-five (25) appellate actions, the criminal law certification committee may consider involvement in protracted litigation.
(3) Within the three (3) years immediately preceding application, the applicant’s substantial involvement must be sufficient to demonstrate special competence as a criminal appellate lawyer. Substantial involvement includes brief writing, motion practice, oral arguments and extraordinary writs. For good cause shown, the criminal law certification committee may waive two (2) of the three (3) years substantial involvement for individuals who have served as judges. In no event may the year immediately preceding application be waived.
(b) References Peer review.
(1) The applicant shall submit the names and addresses of at least four (4) lawyers, not associates or partners, as references to attest to the applicant’s substantial involvement and competence in criminal appellate practice. Such lawyers shall be substantially involved in criminal appellate law and familiar with the applicant’s practice.
(2) The applicant shall submit the names and addresses of at least two (2) judges before whom he or she has appeared on criminal appellate matters within the last two (2) years, to attest to the applicant’s substantial involvement and competence in criminal appellate practice.
(3) The criminal law certification committee may, at its option, send reference forms to other attorneys and judges.
(c) Education.
(1) The applicant shall make satisfactory showing that within the three (3) years immediately preceding application he or she has accumulated at least thirty-(36) forty-five (45) hours of approved continuing legal education in the field of criminal law.
*1142 (2) Applicants seeking certification as both criminal trial and criminal appellate lawyers must, during the three (3) years immediately preceding application, complete thirty — (30) forty-five (45) hours of approved continuing legal education as aforesaid for each category, for a total of sixty~(60) ninety (90) hours.
(d) Examination. Every applicant must pass an examination designed to demonstrate sufficient knowledge, proficiency and experience in criminal law, application of constitutional principles, and rules of criminal and appellate procedure to justify the representation of special competence to the legal profession and public.
6-8.6 Criminal appellate recertification. Recertification shall be pursuant to the following standards:
(a) The applicant shall demonstrate continuous and substantial involvement in the practice of law, of which at least forty (40) thirty (30) percent must have been spent in active participation in criminal appellate law throughout the period since the last date of certification. The demonstration of substantial involvement shall be made in accordance with the standards set forth in rule 6-8.5(a)(3).
(b) The representation of at least ten (10) appellate actions. On good cause shown, for satisfaction in part of the ten (10) appellate actions, the criminal law certification committee may consider involvement in protracted litigation.
(b) {c) The applicant shall make a satisfactory showing that he or she has accumulated at least fifty-(50) seventy-five (75) hours of approved continuing legal education during the period since original certification. Applicants seeking recertification as both criminal trial lawyers and criminal appellate lawyers must complete at least fifty (50) seventy-five (75) hours of approved continuing legal education in each of the categories, for a total of one hundred 400 fifty (150) hours.
(e) (d) The applicant shall submit the names and addresses of at least four (4) lawyers, not associates or partners, as references, to attest to the applicant’s substantial involvement and competence in criminal appellate practice. Such lawyers shall be substantially involved in criminal appellate law and familiar with the applicant’s practice.
(d) (e) The applicant shall submit the names and addresses of at least two (2) judges before whom he or she has appeared on criminal appellate matters within the last two (2) years, to attest to the applicant’s substantial involvement and competence in criminal appellate practice.
(e) (f) The criminal law certification committee may, at its option, send reference to other attorneys and judges.
6-9 Standards for certification of a board certified real estate lawyer.
6-9.1 Generally. A lawyer who is a “member in good standing of The Florida Bar and who meets the standards prescribed below may be issued an appropriate certificate identifying the lawyer as a “Board Certified Real Estate Lawyer.” The purpose of the standards is to identify those lawyers who practice in the area of real estate and have the special knowledge, skills, and proficiency to be properly identified to the public as certified real estate lawyers.
6-9.2 Definitions.
(a) “Real estate” is the practice of law dealing with matters relating to real property transactions including, but not limited to real estate conveyances, title searches, property transfers, leases, condominiums and cooperatives, interval ownership, mortgages, zoning and land use planning, real estate development and financing, real estate litigation, and determination of property rights.
(b) The “practice of law” for this area is defined as set out at rule 6-3.5(c)(l). of-the r-ules.-governing the Florida Certification Plan, Practice of law which otherwise satisfies these requirements but which is on a part-time basis will satisfy the requirement if the balance of the applicant’s activity is spent as a teacher of real estate subjects in an accredited law school.
6-9.3 Minimum standards.
*1143 (a) Minimum period of practice. Every applicant shall have been engaged in the practice of law in the United States, or engaged in the practice of United States law while in a foreign country, and shall have been a member in good standing of the bar of any state of the United States or the District of Columbia for a period of five (5) years as of the date of filing an application. The years of law practice need not be consecutive.
(b) Substantial involvement. Every applicant must demonstrate substantial involvement sufficient to show special knowledge, skills and proficiency in the practice of real estate law during the three (3) years immediately preceding the date of application. Substantial involvement is defined as including devoting at least forty (40) percent of one’s practice to matters in which issues of real estate law are significant factors and in which the applicant had substantial and direct participation in those real estate issues. Upon an applicant’s request and the recommendation of the real estate certification committee, the board of certification, designation legal specialization and education may waive the requirement that the three (3) years be “immediately preceding” the date of application if the board of certification, designation legal specialization and education determines the waiver is warranted by special and compelling circumstances. An applicant must furnish information concerning the frequency of his or her work and the nature of the issues involved. For the purposes of this section the “practice of law” shall be as defined in rules 6-3.5(c)(l) and 6-9.2(b) except that it shall also include time devoted to lecturing and/or authoring books or articles on fields of real estate law if the applicant was engaged in the practice of law during such period. Demonstration of compliance with this requirement shall be made initially through a form of questionnaire approved by the real estate certification committee, but written or oral supplementation may be required.
(c) References for knowledge and experi-enee Peer review. Every applicant shall submit the names and addresses of five (5) attorneys or judges who are familiar with his or her practice, not including attorneys who currently practice in the applicant’s law firm, who can attest to the applicant’s reputation for involvement in the field of real estate law. The board of certification, designation legal specialization and education and the real estate certification committee may authorize references from persons other than attorneys in such cases as they deem appropriate. The board of certification, — designation legal specialization and education and the real estate certification committee may also make such additional inquiries as they deem appropriate.
(d) Education. Every applicant must demonstrate that during the three-year period immediately preceding the date of filing an application, he or she has accumulated accredited continuing legal education in real property law of not less than forty-five (45) hours.
(e) Examination. The applicant must pass a written examination which will be practical, objective and designed to demonstrate special knowledge, skills, and proficiency in real estate law.
6-9.4 Recertification. To be eligible for recertification, an applicant must meet the following requirements:
(a) A satisfactory showing, as determined by the board of certification, designation legal specialization and education and the real estate certification committee, of continuous and substantial involvement in real estate law throughout the period since the last date of certification. The demonstration of substantial involvement of at least forty (40) percent during each year after certification prior to recertification shall be made in accordance with the standards set forth in rule 6-9.3(b).
(b) Completion of at least seventy-five (75) hours of accredited continuing legal education in real estate law since the last date of certification.
(c) An applicant for recertification shall submit the names and addresses of five (5) attorneys or judges who are familiar with his or her practice, not including lawyers who currently practice in the applicant’s *1144 law firm, who can attest to the applicant’s reputation for ability of practice and involvement in the field of real estate law. The board of certification, designation legal specialization and education and the real estate certification committee may also make such additional inquiries as they deem appropriate.
6-10 Continuing legal education requirement rule.
6-10.1 Continuing legal education requirement.
(a) Preamble. It is of primary importance to the public and to the members of The Florida Bar that attorneys continue their legal education throughout the period of their active practice of law. To accomplish that objective, each active member of The Florida Bar (hereinafter referred to as “member”) shall meet certain minimum requirements for continuing legal education.
(b) Effective date. Continuing legal education requirements established by this rule shall become effective on January 1, 1988.
(c) Reporting requirement. Each member except those exempt under rule 6-10.-3(c)(4) and (5) shall report compliance with continuing legal education requirements in the manner set forth in the policies adopted for administration of this plan.
(d) Fees. The board of governors of The Florida Bar may require a reasonable fee to be paid to The Florida Bar in connection with each member’s report concerning compliance with continuing legal education requirements.
(e) Rules. The board of certification, designation legal specialization and education of The Florida Bar shall adopt policies necessary to implement continuing legal education requirements subject to the approval of the board of governors.
6-10.2 Administration.
(a)Board of certification, designation legal specialization and education. The board of certification, — designation legal specialization and education shall administer the continuing legal education requirements as herein provided. Any member affected by an adverse decision of the board of certification, designation legal specialization and education may appeal as provided in rule 6-2.⅛10.
(b) Delegation of authority. The board of certification, designation legal specialization and education may delegate to the staff of The Florida Bar any responsibility set forth herein, except that of granting a waiver or exemption from continuing legal education requirements.
(c) Scope of board of certification, designation legal specialization and education activities. The board of certification, designation legal specialization and education shall cooperate with and answer inquiries from staff pertaining to continuing legal education requirements and make recommendations to the board of governors concerning continuing legal education requirements, including but not limited to:
(1) Approved education courses;
(2) Approved alternative education methods;
(3) Number of hours credit to be allowed for various education efforts;
(4) Established educational standards for satisfaction and completion of approved courses;
(5) Additional areas of education and/or practice approved for credit under continuing legal education requirements;
(6) Modification or expansion of continuing legal education requirements;
(7) Adoption of additional standards or regulations pertaining to continuing legal education requirements;
(8) Amount of reporting or delinquency fees; and
(9) General administration of continuing legal education requirements.
(d) Maintenance of records. The Florida Bar shall maintain a record of each member’s compliance or noncompliance with continuing legal education requirements. 6-10.3 Minimum continuing legal education standards.
(a) Applicability. Every active member except those exempt under rule 6-10.3(c)(4) *1145 and (5) shall report concerning compliance with continuing legal education requirements and subject only to the exemptions contained herein, every active member shall comply with the educational requirements of the continuing legal education requirements.
(b) Minimum hourly continuing legal education requirements. Each member shall complete a minimum of thirty (30) credit hours of approved continuing legal education activity every three (3) years. Two (2)of the hours must be in the area of legal ethics.
(c) Exemptions.
(1) Active military service.
(2) Undue hardship.
(3) Nonresident members not delivering legal services or advice on matters or issues governed by Florida law.
(4) Members of the full-time federal judi-ciaryT who are prohibited from engaging in the private practice of law.
(5) Justices of the Florida Supreme Court and judges of the district courts of appeal, circuit and county courts and such other judicial officers and employees as may be designated by the supreme court.
(6) Inactive members of The Florida Bar,
(d) Course approval. Course approval for credit shall be as set forth in policies adopted pursuant to this rule; provided that special policies shall be adopted for courses sponsored by governmental agencies for employee attorneys, which policies shall exempt such courses from any course approval fee and may exempt said courses from other requirements as determined by the board of certification, designation legal specialization and education.
(e) Accreditation of hours. Accreditation shall be as set forth in the policies adopted pursuant to this rule. If a course is presented or sponsored by or has received credit approval from an organized state bar (whether integrated or voluntary), such course shall be deemed an approved course for purposes of this rule and payment of a course approval fee shall not be required.
(f)Full-time government employees. Credit hours shall be given full-time government employees for courses presented by governmental agencies. Application for credit approval may be submitted by the full-time government attorney before or after attendance, without charge.
6-10.4 Reporting requirements.
(a) Reports required. Each member except those exempt under rule 6-10.3(c)(4) and (5) shall file a report showing compliance or noncompliance with continuing legal education requirements. Such report shall be in the form prescribed by the board of certification, designation legal specialization and education.
(b) Time for filing. The report shall be filed with The Florida Bar no later than the last day of such member’s applicable reporting period as set forth in the rules and regulations.
6-10.5 Noncompliance and sanctions.
(a) Extended time for compliance. If a member fails to complete the minimum required continuing legal education hours by the end of the applicable reporting period, the report of noncompliance shall be accompanied by a specific plan for completing the necessary hours within one hundred twenty (120) days of the reporting date or the member shall establish eligibility for an exemption under rule 6-10.3(c). Any specific plan shall be deemed approved by the board of certification, designation legal specialization and education unless within thirty (30) days after receipt of the report, the board of certification, designation legal specialization and education notifies the member that the plan has not been approved. Completion of a specific plan shall be reported by the member to the board of certification, ■ designation legal specialization and education no later than fifteen (15) days following the expiration of the applicable time for the plan. Failure of the member to complete the plan within the specified time or to report within the time set forth for reporting such completion shall invoke the sanctions set forth below.
(b) Notice of noncompliance. If a member fails to comply with these rules in any respect the board of certification, designa *1146 ties legal specialization and education shall promptly send a notice of noncompliance to such member. The notice shall specify the nature of the noncompliance and state that if a specific plan is not submitted or if a hearing to establish an exemption or show reasonable cause for noncompliance is not requested, the member’s name shall be filed with the Supreme Court of Florida. The Florida Bar shall recommend that all members on such list be treated in the same manner as members delinquent in the payment of dues. Nothing contained in this paragraph shall be construed to extend the periods of time for completing a specific plan as set forth in paragraph (a) above.
(c) Hearing on notice of noncompliance. If a hearing is requested, such hearing shall be governed by section 6.11 of the policies adopted pursuant to this rule. The party requesting the hearing may be represented by counsel. Witnesses shall be sworn, and, if requested by the affected member a complete electronic record or transcript of the proceedings and testimony shall be made, at the expense of the affected member. If it is determined that compliance has been accomplished, the matter shall be dismissed and the board of certification, designation legal specialization and education’s records shall reflect such compliance.
(d) Procedures upon noncompliance after hearing. If it is determined after hearing that compliance has not been accomplished the board of certification, designation legal specialization and education shall:
(1)If reasonable cause for noncompliance has been determined, allow the member requesting a hearing fifteen (15) days to file a specific plan for correcting the noncompliance. Such specific plan shall require compliance within one hundred twenty (120) days following the filing of the specific plan. Unless the board of certificar tion, designation legal specialization and education rejects the specific plan within thirty (30) days after its filing, the specific plan shall be deemed accepted. Evidence of completion of the plan shall be reported to the board of certification,-designation legal specialization and education not later than fifteen (15) days following the expiration of the time period for such specific plan. If the member fails to file an acceptable specific plan or fails to complete the plan within the time provided or fails to file evidence of completion of the plan within the time provided, the board of certification, designation legal specialization and education shall proceed as though there was no reasonable cause for noncompliance.
(2) Upon a finding by the board of certification, — designation legal specialization and education of no reasonable cause for noncompliance, file a record of the matter, including a copy of the findings and determination and recommendation of the board of certification, designation legal specialization and education with the Supreme Court of Florida. Notice of the findings of the board of certification, designation legal specialization and education shall be served on the affected member of the Bar.
(3) Upon filing of a notice of confirmation of noncompliance or of the record of a board of certification, designation legal specialization and education hearing determining noncompliance, the Supreme Court of Florida shall enter an order as it deems appropriate, which may include suspension.
(e) Appeal to the board of governors. A decision of the board of certification, designation legal specialization and education may be appealed to the board of governors of The Florida Bar. Appeals to the board of governors shall be governed by the policies promulgated under these rules.
(f) Appeal to the Supreme Court of Florida. A decision of the board of governors may be appealed by the affected member to the Supreme Court of Florida. Appeals to the Court shall be governed by the policies promulgated under these rules.
(g) Exhaustion of remedies. A member must exhaust each of the remedies provided under these rules in the order enumerated before proceeding to the next remedy.
(h) Tolling time for compliance. An appeal shall toll the time a member has for showing compliance with continuing legal education requirements.
*1147 6-10.6 Reinstatement. Any member suspended from the practice of law for failure to meet continuing legal education requirements may be reinstated by the Court upon a showing that the noncompliance has been corrected and upon payment to the board of certification, designation legal specialization and education of a uniform reinstatement fee, as established by the board of governors.
6-10.7 Confidentiality. Unless directed otherwise by the Supreme Court of Florida, the files, records and proceedings of the board of certification,-designation legal specialization and education, as they relate to or arise out of any failure of a member to satisfy the continuing legal education requirements, shall be deemed confidential and shall not be disclosed, except in the furtherance of the duties of the board of certification, designation legal specialization and education or upon request of the member, in writing, or as they may be introduced in the evidence or otherwise produced in proceedings under these rules. Nothing herein shall be construed to prohibit The Florida Bar from advising that a member has been suspended from the active practice of law for failure to meet continuing legal education requirements. 6-10.8 Disciplinary Action. The board of certification, designation legal specialization and education may refer misrepresentation of a material fact concerning compliance with or exemption from continuing legal education requirements for disciplinary proceedings under chapter 3 or chapter 4 of the Rules Regulating The Florida Bar.
6-11 Standards for Certification of a Board Certified Workers' Compensation Lawyer
6-11.1 Generally. A lawyer who is a member in good standing of The Florida Bar and who meets the standards prescribed below may be issued an appropriate certificate identifying the lawyer as a “Board Certified Workers’ Compensation Lawyer.” The purpose of the standards is to identify those lawyers who practice workers’ compensation law and have the special knowledge, skills, and proficiency to be properly identified to the public as certified workers’ compensation lawyers.
6-11.2 Definitions.
(a) “Workers’ compensation” is the practice of law involving the analysis and litigation of problems or controversies arising out of the Florida Workers’ Compensation Law (Chapter 440, Florida Statutes).
(b) The “practice of law” for this area is defined as set out in rule 6-3.5(c)(l). of-fche rules — governing—the-FJorida-Certification Plan. Practice of law which otherwise satisfies these requirements, but which is on a part-time basis will satisfy the requirement if the balance of the applicant’s activity is spent as a teacher of workers’ compensation law subjects in an accredited law school.
6-11.3 Minimum standards.
(a) Substantial involvement. To become certified as a workers’ compensation lawyer, a lawyer must demonstrate substantial involvement in workers’ compensation law. Substantial involvement shall include:
(1) At least five (5) years of the actual practice of law of which at least thirty (30) percent of each year has been spent in active participation in workers’ compensation law. At least three (3) years of this practice shall be immediately preceding application or, during those three (3) years, the applicant may have served as a Deputy Commissioner adjudicating workers’ compensation matters.
(2) The trial of a minimum of thirty (30) contested workers’ compensation cases. All such cases must have involved substantial legal or factual issues. In each of these thirty (30) cases the applicant shall have been responsible for all or a majority of the presentation of evidence and representation of the client.
(3) Within the three (3) years immediately preceding application, the applicant shall have substantial involvement in contested workers’ compensation cases sufficient to demonstrate special competence as a workers’ compensation lawyer. Substantial involvement includes investigation, evaluation, pleadings, discovery, taking of testi *1148 mony, presentation of evidence and argument and trial of workers’ compensation cases. Substantial involvement also includes active participation in the appeal of workers’ compensation cases. For good cause shown, the workers’ compensation certification committee may waive up to two of the three years substantial involvement for individuals who have served as Deputy Commissioners adjudicating workers’ compensation matters.
(b) References. The applicant shall select and submit names and addresses of five (5) lawyers, not associates or partners, as references to attest to the applicant’s involvement in workers’ compensation practice. Such lawyers themselves shall be involved in workers’ compensation law and shall be familiar with the applicant’s practice. Except for those who qualify under rule 6-11.4, no less than one shall be a Deputy Commissioner before whom the applicant has appeared as an advocate in the trial of a workers’ compensation case in the two (2) years immediately preceding the application. In addition, the workers’ compensation certification committee may, at its option, send reference forms to other attorneys and Deputy Commissioners.
(c) Education. The applicant shall make a satisfactory showing that within the three (3) years immediately preceding application he or she has accumulated at least thirty (30) forty-five (45) hours of approved continuing legal education in the field of workers’ compensation law.
(d) Examination. The applicant must pass an examination applied uniformly to all applicants to demonstrate sufficient knowledge, proficiency and experience in workers’ compensation law to justify the representation of special competence to the legal profession and to the public.
6-11.4 Deputy commissioners. An applicant who has served as a Deputy Commissioner in at least four (4) of the five (5) years immediately preceding application shall be deemed to have met the requirements of rule 6-11.3(a).
6-11.5 Recertification. To be eligible for recertification, an applicant must meet the following requirements:
(a) Continuous substantial involvement in the practice of law, of which thirty (30) percent of-each - year has been spent in active participation in workers’ compensation law throughout the period since the last date of certification. The demonstration of substantial involvement shall be made in accordance with the standards set forth in rule 6-11.3(a)(3).
(b) The trial of a minimum of twenty-five (25) contested workers’ compensation cases, or the substantial equivalent, during the period since the last date of certification. All such cases must have involved substantial legal or factual issues.
(c) Completion of the reference requirements set forth in rule 6-11.3(b). The references submitted must be able to attest to the applicant’s practice and involvement in workers’ compensation practice throughout the period since the last date of certification.
(d) Completion of at least seventy-five (75) hours of approved continuing legal education in workers’ compensation law since the last date of certification.
6-12 BASIC SKILLS COURSE REQUIREMENT
6-12.1 Basic skills course requirement.
(a) Preamble. It is of primary importance to the public and to the members of The Florida Bar that attorneys begin their legal careers with a thorough and practical understanding of the law. To accomplish that objective, each active member of The Florida Bar (hereinafter referred to as “member”) is required to complete the basic skills course (hereafter BSC).
(b) Applicability. Every member admitted to The Florida Bar after the date established by the Supreme Court of Florida shall report concerning compliance with BSCR and, subject only to the exemptions contained therein, every such member shall comply with the requirements of BSCR.
(c) Exemptions.
*1149 (1) Active military service or full-time government employment.
(2) Undue hardship.
(3) Nonresident members whose primary office is outside the state of Florida.
(b)(d) Effective date. The basic skills course requirements (hereinafter referred to as BSCR) established by this rule shall become effective on October 1, 1988.
(e) (e) Reporting requirement. Each member shall report compliance with BSCR in the manner set forth in the policies adopted for administration of these rules.
(d) (f) Fees. The board of governors of The Florida Bar may require a reasonable fee to be paid to The Florida Bar in connection with each members’ report concerning BSCR compliance.
(e) (g) Policies. The board of certification, designation legal specialization and education (hereinafter referred-to as BCDE) of The Florida Bar shall adopt policies necessary to implement BSCR, subject to the approval of the board of governors.
6-12.2 Administration.
(a) Responsibility. The BCDE board of legal specialization and education shall administer oversee compliance with the BSCR as herein provided. The young lawyers division (hereafter YLD) of The Florida Bar shall be responsible for the planning, content and presentation of the BSC seminars. Any member- affected-by- an adverse decision of the BCDE may appeal-as-provided-in rule 6-2.11,
(b) Delegation of authority. The BCDE board of legal specialization and education may delegate to the staff of The Florida Bar any responsibility set forth herein, except that of granting a waiver or exemption from BSCR.
(c) Maintenance of records. The Florida Bar shall maintain a record of each member’s compliance or noncompliance with BSCR.
6-12.3 Basic skills course standards.
(a) Applicability, — Every member admitted- to-The - Florida- Bar - after - the- date established by the Supreme-Gourt-of Florida shall report concerning compliance with BSCR and, subjeet-enly-to the exemptions contained therein, ever-y-sach-member-shall-comply-with-the requirements of BSCR.
(b) (a) Basic skills course requirements. Each member as described in paragraph (a) shall complete the basic skills course either eight (8) months prior to or twelve (12) months following his or her admission to The Florida Bar or expiration of exempt status. That member shall receive continuing legal education credit which shall be applicable under rule 6-10.3(b) whether taken before or after admission to The Florida Bar.
(e) (b) The YLD shall establish minimum quality standards for the BSCR which shall include instructions on discipline, ethics, and responsibility to the public.
(d)-Exemptio&&,
(1) Active military-service-or-full-time government-employment.
(2) -Undue-hardship.
(3) Nonresident-members whose primary-office-ie outside the state-of Florida,
6-12.4 Reporting requirements.
(a) Reports required. Each member shall file a report showing compliance or noncompliance with BSCR. Such report shall be in the form prescribed by the BCDE board of legal specialization and education.
(b) Time for filing. The report shall be filed with The Florida Bar no later than the expiration of the twelvemonth period following that member’s admission to The Florida Bar or the end of exempt status.
6-12.5 Noncompliance and sanctions.
(a) Extended time for compliance. If a member fails to complete the minimum required basic skills course by the end *1150 of the applicable reporting period, the report of noncompliance shall be accompanied by a specific plan for completing the necessary hours within one hundred eighty (180) days of the reporting date or the member shall establish eligibility for an exemption under rule 6-12.3(d).
Any specific plan shall be deemed approved by the BGDE board of legal specialization and education unless, within thirty (30) days after receipt of the report, the BCDE board of legal specialization and education notifies the member that the plan has not been approved.
Completion of a specific plan shall be reported by the member to the BCDE board of legal specialization and education no later than fifteen (15) days following the expiration of the applicable time for the plan. Failure of the member to complete the plan within the specified time or to report within the time set forth for reporting such completion shall invoke the sanctions set forth below.
(b) Notice of noncompliance. If a member fails to comply with these rules in any respect, the BCDE board of legal specialization and. education shall promptly send a notice of noncompliance to such member. The notice shall specify the nature of the noncompliance and state that, if a specific plan is not submitted or if a hearing to establish an exemption or show reasonable cause for noncompliance is not requested, the member’s name shall be filed with the Supreme Court of Florida. The Florida Bar shall recommend that all members on such list be treated in the same manner as members delinquent in the payment of dues. Nothing contained in this paragraph shall be construed to extend the periods of time for completing a specific plan as set forth in paragraph (a) of this rule.
(c) Hearing on notice of noncompliance. If a hearing is requested, such hearing shall be governed by section 12.06 of the policies adopted pursuant to this rule. The party requesting the hearing may be represented by counsel. Witnesses shall be sworn, and, if requested by the affected member, a complete electronic record or transcript of the proceedings and testimony shall be made, at the expense of the affected member. If it is determined that compliance has been accomplished, the matter shall be dismissed and the BGDE board of legal specialization and education’s records shall reflect such compliance.
(d)Procedures upon noncompliance after hearing. If it is determined after hearing that compliance has not been accomplished, the BGDE board of legal specialization and education shall:
(1) If reasonable cause for noncompliance has been determined, allow the member requesting a hearing fifteen (15) days to file a specific plan for correcting the noncompliance. Such specific plan shall require compliance within one hundred eighty (180) days following the filing of the specific plan. Unless the BGDE board of legal specialization and education rejects the specific plan within thirty (30) days after its filing, the specific plan shall be deemed accepted. Evidence of completion of the plan shall be reported to the BGDE board of legal specialization and education not later than fifteen (15) days following the expiration of the time period for such specific plan. If the member fails to file an acceptable specific plan or fails to complete the plan within the time provided or fails to file evidence of completion of the plan within the time provided, the BGDE board of legal specialization and Education shall proceed as though there was no reasonable cause for noncompliance;
(2) Upon a finding by the BCDE board of legal specialization and education of no reasonable cause for noncompliance, file a record of the matter, including a copy of the findings and *1151 determination and recommendation of the BCDE board of legal specialization and education with the Supreme Court of Florida. Notice of the findings of the BCDE board of legal specialization and education shall be served on the affected member of the Bar; and
(3) Upon filing of a notice of confirmation of noncompliance or of the record of a BCDE board of legal specialization and education hearing determining noncompliance, the Supreme Court of Florida shall enter an order as it deems appropriate, which may include suspension.
(e) Appeal to the board of governors. A decision of the BCDE board of legal specialization and education may be appealed to the board of governors of The Florida Bar. Appeals to the board of governors shall be governed by the policies promulgated under these rules.
(f) Appeal to the Supreme Court of Florida. A decision of the board of governors may be appealed by the affected member to the Supreme Court of Florida. Appeals to the Court shall be governed by the policies promulgated under these rules.
(g) Exhaustion of remedies. A member must exhaust each of the remedies provided under these rules in the order enumerated before proceeding to the next remedy.
(h) Tolling time for compliance. An appeal shall toll the time a member has for showing compliance with BSCR.
6-12.6 Reinstatement. Any member suspended from the practice of law for failure to meet BSCR may be reinstated by the Court upon a showing that the noncompliance has been corrected and upon payment to the BCDE board of legal specialization and education of a uniform reinstatement fee, as established by the board of governors.
6-12.7 Confidentiality. Unless directed otherwise by the Supreme Court of Florida the files, records, and proceedings of the BCDE board of legal specialization and education, as they relate to or arise out of any failure of a member to satisfy the requirements of BSCR, shall be deemed confidential and shall not be disclosed, except in the furtherance of the duties of the BCDE board of legal specialization and education or upon request of the member, in writing, or as they may be introduced in the evidence or otherwise produced in proceedings under these rules.
Nothing herein shall be construed to prohibit The Florida Bar from disclosing that a member has been suspended from the active practice of law for failure to satisfy BSCR.
6-12.8 Disciplinary action. The BCDE board of legal specialization and education may refer misrepresentation of a material fact concerning compliance with or exemption from BSCR for disciplinary proceedings under chapters 3 and 4.